UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RICHARD GERBER | : | |
| | : | |
| Petitioner, | : | |
| | : | Misc. Action No.: 06-0032 (RMU) |
| v. | : | |
| | : | Document Nos.: 1, 6 |
| UNITED STATES OF AMERICA | : | |
| | : | |
| Respondent. | : | |

FILED

MAY 2 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM ORDER

GRANTING IN PART AND DENYING IN PART THE RESPONDENT'S MOTION TO DISMISS THE
PETITIONS TO QUASH ; DENYING THE PETITIONER'S MOTION TO QUASH SUMMONS

### I. INTRODUCTION

The petitioner seeks to quash an Internal Revenue Service ("IRS") summons requesting records related to his financial transactions from (1) Paine Webber (a/k/a UBS), a bank located in Baltimore, Maryland, and (2) U.S. Bank, located in Minneapolis, Minnesota. The summons were issued pursuant to 26 U.S.C. §7602 as part of an investigation into the petitioner's taxable income in the years 1999 - 2005. Mem. in Supp. of U.S.' Mot. to Dismiss Pet. to Quash Summons and Pet'r's Supplemental Mem. of P. & A. (Resp.'s Mot.) ¶ 1. The IRS moves to dismiss the petition to quash summons and for enforcement of the summons.

### II. ANALYSIS

#### 1. The Paine Webber/UBS Summons

The petitioner seeks to quash the summons issued to Paine Webber/UBS in Baltimore, Maryland. Although the respondent argues that the court should dismiss the petition because the

summons is directed at UBS' Baltimore office, the petitioner contends that "UBS is a world-wide company with offices in the District of Columbia." Pet. ¶ 1. Neither this Circuit's Court of Appeals, nor any other appellate court, has decided "whether, in the case of a third party with several offices, a subpoena may be directed to the branch office where the records are actually located" or "whether the availability of duplicate copies of records in the district of the taxpayer's residence would require a different result." *Masat v. United States*, 745 F.2d 985, 988 (5th Cir.1984).

"The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought [to quash a summons]." 26 U.S.C. § 7609(h). Under the plain terms of the statute, this court has jurisdiction over the petition to quash the summons because UBS has offices in Washington, DC. *See, e.g.*, *Oldham v. United States*, 2002 WL 1077311, *3 (D. Or. 2002) (unpublished opinion) (concluding that the district court had jurisdiction to hear a petition to quash summons because the record-keeper maintained branch offices in the district); *Justin v. United States*, 2006 WL 497219, *1 (W.D.N.C. 2006) (slip copy) (dismissing a petition to quash a summons because the petitioner did not allege that any of the summonsed entities had offices within the district); *Fisher v. Internal Revenue Serv.*, 2002 WL 31476655, *1 (E.D. Cal. 2002) (unpublished opinion) (dismissing a petition to quash a summons because the summonsed entity did not have offices, or branches, and was not otherwise found in the district). Because the petitioner has alleged that UBS has offices in this district, the court denies the respondent's motion to dismiss the petition for lack of jurisdiction.

## 2. The U.S. Bank Summons

Although neither the petitioner's original petition in this case nor his original petition in the related case (Misc. Case. No. 05-0516) request that the court quash the summons issued to U.S. Bank, his supplement to the petition to quash, filed in both actions, also seeks to quash the summons issued to U.S. Bank. Pet'r's Supplemental Mem. of P. & A. to Pet'r's Pet. to Quash Summonses ("Pet'r's Suppl.") ¶ 4. This court only has jurisdiction over a petition to quash an IRS summons if the summons is issued to third parties who reside or are "found" in this district. 26 U.S.C. § 7609(h). The summons that the petitioner seeks to quash is addressed to a financial institution in Minneapolis, Minnesota. Indeed, the petitioner does not dispute that U.S. Bank and the requested records are located in Minneapolis, Minnesota, nor does he allege that U.S. bank has offices within this district. Pet'r's Suppl. ¶ 4. Because this court only has jurisdiction over summons issued to third parties within this district, the court dismisses the petition to quash the U.S. Bank summons.

Accordingly, it is this 29th day of May, 2007,

**ORDERED** that the respondent's motion to dismiss the petitions to quash is **GRANTED in part and DENIED in part**; and it is

**FURTHER ORDERED** that the petition to quash the U.S. Bank summons is **DISMISSED**; and it is

**ORDERED** that the petition to quash the Paine Webber/UBS summons is not **DISMISSED**. Because the respondent's opposition to the petition does not contain any arguments on the merits of the petition, the respondent may refile a motion on the merits of the matter on or before June 1, 2007. Should the petitioner wish to oppose the motion, he shall file

an opposition brief on or before June 15, 2007, and the respondent may file a reply in support of its motion on or before June 22, 2007.

**SO ORDERED**.

                                                RICARDO M. URBINA
                                                United States District Judge