IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RICHARD GERBER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1L06-mc-00032-RMU |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Hon. Ricardo M. Urbina |
| | ) | |
| Respondent. | ) | |

## Petitioner's Memorandum in Opposition to United States' Second Motion to Dismiss Petition to Quash IRS Summons

Comes Now, Petitioner, by and through counsel and hereby supplements the earlier responses to the IRS' Memorandum of Points and Authorities in support of the enforcement of a summons served upon Paine Webber. Previously, Paine Webber and UBS were summonsed by the IRS purportedly in connection with an investigation being conducted into the taxpayers returns for various years. This court previously ruled that it had jurisdiction as to the summons issued to Paine Webber. The Court therefore ordered the Government to file a Memorandum of Points and Authorities directed to the Paine Webber summons. For the reasons set forth below, we believe that the summons to Paine Webber should be quashed.  Alternatively, for the reasons set forth below the Court should limit the summons in question.

The facts of this case are well detailed in the prior documents filed with this Court by both sides and we will not repeat them here

### Argument

Petitioner previously demonstrated that a summons can be enforced only if

it is for a legitimate investigative purpose. Further, and as also demonstrated previously,

a greater showing of relevance may be required when a summons is issued to a third

party. In *U.S. v. Harrington,* (388 F2d 520 (2d Cir. 1968) cited in *U.S. v. Arthur Young*

*& Co.,* 465 U.S. 805, 813 n 11 (1984))(holding that  the government had to show that

"there exist [ed] the requisite nexus between [the] taxpayer and [the] records of another's

affairs to make the investigation reasonable - in short whether the 'might' in the

articulated standard, 'might throw light upon the correctness of the return,' is in the

particular circumstances an indication of a realistic expectation rather than an idle hope

that something may be discovered  388 F. 2d at 524.  See also, *Miller v. U.S.*, 94-2 USTC

para. 50, 383 (N.D. Ind. 1994);  *Garpeg, Ltd. v. U.S.*, 583 F. Supp. 789 (S.D.N.Y. 1984),

Here, the Government has relied on an affidavit stating nothing more than

that the IRS is conducting an investigation, and that the records relate to that

investigation.   Even assuming the correctness of  the Government's position that it need

only make a "slight" showing in order to sustain a summons, the affidavit in question

amounts to no showing at all.   Furthermore, the Government has failed to answer the

specific points previously raised in Petitioner's Memorandum of Points and Authorities,

which we have briefly set forth below.

A. All records pertaining to the 2005 tax year are beyond the scope of IRC § 7602
   and cannot be summoned.

   1. The summons in this case was issued January, 2006.  At that time no 2005
      tax return had been filed by the Petitioners.  Indeed no income tax return
      for the year 2005 was due from the Petitioner or anyone else in the United
      States.

   2. The Government cannot possibly claim that it has a legitimate need to
      investigate the taxable income for the Petitioner for 2005 when he had yet
      to ascertain and report any taxable income for 2005.

   3. Certainly, once the Petitioner has filed the 2005 return  the Government
      can examine the return and issue a summons.  But, a summons under IRC
      § 7602 is not prospective in nature.

B. <u>All records relating to entities in which the Petitioner has no legal or equitable interest are beyond the scope of the summons and IRC § 7602 and should not be turned over.</u>

    1. Petitioner previously demonstrated that the records sought from Paine Webber related to persons and entities which are irrelevant to Petitioner's tax liability for the years in question.    If, as the Government contends here, it has a legitimate interest in investigating  Petitioner for tax year 2004, the Government is arguably entitled to his  records for the 2004 tax year.  It is also entitled ostensibly to all of records of any entity in which Petitioner had an "interest."  The Government errs, however, in concluding that it can use that investigation to seek documents relating to any entity with whom Petitioner did business.  For instance, if Petitioner had written  twenty checks to Walmart in 2004, the Government is not entitled to summons all of Walmart's accounts for 2004.   If Petitioner owned 100 shares or 1,000 shares of Walmart, the answer would notchange.

    2.   Similarly, if the IRS is auditing Walmart for 2004, they would not be entitiled to Petitioner's records (bank accounts, etc.) because he bought $1,000 of goods at Walmart in 2004.

    3.    The Government cannot use the examination of one individual or entity to expansively request and get the books records etc. of any other entity it wants.

    4.   Here, the Government states it is examining Richard Gerber.  Then it asks for not only his records but the accounts and records of twelve (12) other

entities.  It does so on the basis that it "believes" Dr. Gerber holds an

interest in these entities.  Notably, the Government has now changed its

"belief" as to three of these entities (see infra).

5.   There seems to be no argument that the remaining nine (9) entities were

created by Merrill Scott & Associates (MSA) and its officers and owners-

Brody and Ross.  And there would be no argument that these entities

would relate to the tax liability of MSA and/or Mssrs. Brody and Ross.

The question is whether the Government is entitled to get them based on a

summons relating to Dr. Richard Gerber.  We submit it is not.

6.   The Government's belief that Dr. Gerber holds interest in the remaining

nine entities, namely Grey Diamond Marketing, Inc., Black Pearl, LLC,

Dark Amethyst, LLC, Emerald Cabochon, Ltd., Jewel of the Isles, Ltd.,

Seely Enterprises, Ltd., Highwood Point Technologies, Ltd., Tropical

Behavior Evaluation Foundation, and Au Panache, Ltd., is predicated

largely on the receivership action pending in Utah, <u>SEC v. Merrill Scott &</u>

<u>Associates, Ltd., et al.,</u> Civil No. 2:02cv0039 (D. Utah) (the "MSA

Receivership").  (See para. 31-36 of the Governments Motion and the

Declaration of Richard Jacobus.)  In the MSA Receivership action the

Government (the S.E.C.) and the Receiver have asserted that the various

entities and assets formed and in the name of MSA and Brody and Ross

belong to them.  Included among these are the above nine entities.  Dr.

Gerber along with many others has argued the opposite.  The irony here

should not be lost on this court.  In this action, the Government is

disavowing its position taken in the receivership.

7.  On January 2, 2007 U.S. District Court Judge Tena Campbell issued an

Order and Memorandum Decision in the MSA Receivership rejecting Dr.

Gerber's (and the other "Property Owners")[1] positions and awarded the

assets of the above nine (9) entities (among others) to the receiver.  Judge

Campbell's opinion makes clear that these entities were owned and

controlled by MSA, Brody and Ross and not Dr. Gerber, no matter what

he believed or argued.  8.  As the Court in Utah, based on arguments

pressed by the Government's receiver, has found that these entities were

created, owned and operated by MSA/Brody/Ross, and not by Petitioner,

the Government cannot now pretend that these are simply Petitioner's

assets and entities.

9.  While the Government is clearly entitled to investigate the tax liabilities of

MSA/Brody/Ross, it cannot use claims that it is investigating Petitioner as

a subterfuge for obtaining documents relating to those persons/entities.

Quite candidly this Court should inquire why the Government is not

issuing a summons for records relating to the tax liability of MSA.  The

Court may also inquire whether the Government has referred MSA to the

Dept. of Justice for prosecution and is using this as a back door to get

records it can no longer obtain.

C.  <u>The Court should not order production of documents which are peripheral at best to Dr. Gerber's tax liability i.e., those in which he is a mere trustee or co-trustee.</u>

---

[1] Twenty-eight (28) claimants filed objections and asserted rights in various assets and entities assumed by the Receiver.  Therefore, Dr. Gerber was not alone.

1.  Dr. Gerber is the trustee or co-trustee of a number of accounts maintained
    at Paine Weber (UBS) which accounts were either set up by his parents
    years before the tax years in question or set up by him for his children.
    These accounts have no bearing on Dr. Gerber's tax liability for the years
    1999-2004.  Dr. Gerber can identify each of these accounts with
    specificity.

2.   It is submitted that the Court can and should examine these records in
    camera and make its own determination as to the extent they may be
    relevant to the IRS investigation.

<u>Conclusion</u>

The summons should be quashed in its entirety.  Alternatively, enforcement of the
summons should be strictly limited to records pertaining to Dr. Richard Gerber for the
years 1999-2004.

Respectfully submitted,

<u>/s/ Kenneth H. Rosenau</u>
D.C. Bar No. 342733
Rosenau & Rosenau
1304 Rhode Island Avenue NW
Washington DC 20005
(202) 387-8680
kenneth.rosenau@rosenaulaw.com
Counsel for Dr. Richard Gerber