# EXHIBIT B

**RECEIVED**

JAN 29 2004

OFFICE OF
JUDGE TENA CAMPBELL



Mark J. Griffin #4329
Nicholas E. Hales #4045
P. Corer James #8960
**WOODBURY & KESLER, P.C.**
265 East 100 South, Suite 300
P. O. Box 3358
Salt Lake City, Utah 84110-3358
Telephone: (801) 364-1100

Attorneys for Richard Gerber

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> MERRILL SCOTT & ASSOCIATES, LTD; MERRILL SCOTT & ASSOCIATES, INC.; PHOENIX OVERSEARS ADVISORS, LTD; PATRICK M. BRODY; DAVID E. ROSS II; and MICHAEL G. LICOPANTIS, <br><br> Defendants. | **PROTECTIVE ORDER** <br><br><br> Civil No. 2:02 CV-0039C <br> Judge Tena Campbell <br> Magistrate Judge David Nuffer |

WHEREAS, the Receiver, David Broadbent (Receiver) has issued a subpoena to Dr. Richard Gerber, seeking certain information related to the above-captioned action;

WHEREAS the RECEIVER's subpoena seeks information from Dr. Gerber of a confidential nature, including, but not limited to, non-public financial and commercial information; and

WHEREAS, disclosure of such confidential information may cause harm to Gerber; and

WHEREAS, one of the purposes of this Protective Order is to protect the confidentiality of such information; and

WHEREAS, Federal Rule of Civil Procedure 26(c) provides for the issuance of protective orders limiting the disclosure of certain information in appropriate circumstances; and

WHEREAS, the parties have stipulated to the entry of this Protective Order.

**IT IS HEREBY ORDERED** that:

1.  This Protective Order governs all documents produced by Dr. Gerber (as defined in Rule 34 of the Federal Rules of Civil Procedure) or materials, including, without limitation all written, recorded, graphic, or electronically-stored matters, including but not limited to partnership, organizational, operational, investor and investment information; correspondence, tax returns, financial reports and statements, or other proprietary information, including deposition testimony (collectively " Confidential Information"), and all identical and non-identical copies, notes, abstracts, excerpts, or summaries of such Confidential Information, produced by Dr. Gerber. Confidential does not include any information produced from third parties or any other source.

2.  All Confidential Information produced by Dr. Gerber, including information provided by Dr. Gerber in the course of a deposition, shall be subject to this Protective Order and shall be used solely for purposes of litigating this action and shall not be used, directly or indirectly, by parties, counsel, or non-parties receiving it for or in connection with any other purpose of any kind, including but

not limited to any commercial use or any other legal proceedings. All persons who gain access to Confidential Information shall be and are hereby prohibited and enjoined from disclosing or using it except as specifically provided herein. Counsel and all other persons to whom Confidential Information is disclosed shall take reasonable and appropriate precautions to avoid misuse, loss, and/or unauthorized disclosure of Confidential Information. The term "this action" shall be defined as the above-captioned matter and all related litigation commenced by the Receiver or the Securities and Exchange Commission (the "Commission").

3. Confidential Information shall not be disclosed, repeated, given, shown, made available, or communicated in any way to anyone other than to the following persons to whom it is necessary that such Confidential Information be given for the purposes permitted in paragraph 2 hereto:

  (a) this Court and Court personnel in connection with this litigation;
  (b) qualified court reporters taking testimony in this litigation;
  (c) the named parties, and party personnel actively involved in or assisting in this litigation;
  (d) outside counsel of record for any party, their associated attorneys and other employees of their law firms assisting in this litigation;
  (e) third-party consultants and experts retained by any party or its attorneys of record in this litigation who have agreed, in a written and signed certification in the form of Exhibit A hereto, to be bound by the terms of this Protective Order.
  (f) The United States Attorney's Office for the District of Utah.

4. Confidential Information may be used during depositions of party or non-party witnesses taken in this action, subject to the following conditions:

  (a) Only persons authorized under paragraph 2 hereto may be in attendance at the deposition; and

      (b)    The witness, other than Dr. Gerber, agrees on the record, or in a written and signed certification in the form of Exhibit A hereto, to be bound by the terms of this Protective Order.

5.    Any summary, log or abstract of any Confidential Information shall be subject to the terms of this Protective Order to the same extent as the Confidential Information summarized or abstracted. Gerber shall be responsible for preparing and dissemination of the log or abstract of Confidential Information. All documents or other materials that are to be deemed Confidential Information shall be so designated on the face of each page of the document or other materials.

6.    In the event that a party receives a duly-issued subpoena from a third party which requests some or all of the Confidential Information, the party receiving such a subpoena shall notify counsel for Dr. Gerber within ten days of receipt of the subpoena. Counsel for Dr. Gerber shall then take the appropriate steps necessary to relieve the party receiving the subpoena from providing any Confidential Information. If counsel for Dr. Gerber does not undertake those steps, the recipient of the subpoena shall be entitled to provide any Confidential Information required to be produced by the subpoena

7.    If a party wishes to challenge the designation of any of the Confidential Information under this Protective Order, the party shall first consult with counsel for Dr. Gerber. If agreement cannot be reached between counsel, the matter may be submitted to the Court.

8. In the event that Confidential Information is contained in a pleading, motion, exhibit, or other paper filed or to be filed with this Court, such papers shall bear an appropriate legend and shall be filed under seal and remain under seal until further order of this Court. The Clerk of the Court shall accept and maintain all such filings under seal.

9. Nothing herein shall prevent any of the parties from using Confidential Information in connection with any trial in this litigation or from seeking further protection with respect to the use of any Confidential Information in connection with any trial in this litigation. Means to preserve the confidentiality of Confidential Information presented at the trial of this matter shall be considered and implemented prior to the beginning of such trial. Confidential Information that is not received into evidence at trial shall retain its "Confidential" status under this Protective Order.

10. Nothing in this Protective Order shall be construed as an agreement to produce particular Confidential Information, as an admission of the discoverability, relevance, or admissibility of any particular Confidential Information, or as a waiver of any rights to object to the discovery or admissibility of Confidential Information or to seek additional protection from the Court.

11. Within 45 days of the conclusion of this litigation by dismissal, final judgment, disposition of appeal, or settlement, Confidential Information produced in this litigation, including originals, copies, abstracts, or summaries thereof, shall be

returned to counsel for Dr. Gerber, and no copies thereof shall be retained by any other person, or else the receiving party shall destroy all such Confidential Information. In addition:

(a) If any Confidential Information has been furnished to a testifying or consulting expert, fact witness, or litigation-support provider, the attorney who furnished the Confidential Information shall notify the recipient that all Confidential Information, including abstracts and summaries thereof, must be returned to Dr. Gerber within 45 days of the conclusion of this action or destroyed;

(b) At the conclusion of this action and upon request by Dr. Gerber, counsel for each receiving party shall send to Dr. Gerber a certification of its compliance within the requirements of this provision if requested in writing to do so; and

(c) All briefs, pleadings, or other filings with the Court and attorneys' work-product which incorporate or disclose Confidential Information may remain in the possession of the parties' litigation counsel and need not be destroyed, but shall be maintained in strict compliance with, and shall remain subject to, the terms and conditions of this Protective Order.

12. Nothing in this Protective Order shall be deemed to restrict Dr. Gerber's use or disclosure of his own Confidential Information. Such use or disclosure shall not waive the protections of this Protective Order and shall not entitle any other party, non-party, or their attorneys to use or disclose such Confidential Information, or the contents thereof, in violation of this Protective Order.

13. After the conclusion of this litigation, the provisions of this Protective Order shall continue to be binding, and this Court shall retain jurisdiction over the parties, and any other person who has access to Confidential Information, pursuant to this Protective Order for enforcement of the provisions of this Protective Order.

14. Nothing within this Protective Order shall prevent Dr. Gerber from stating additional objections to the production of Confidential Information or asserting any other grounds that may exist to prevent disclosure of the Confidential Information sought.

15. Any party, on reasonable notice to the others, may apply to the Court to seek to modify or to supplement the terms of this Protective Order for good cause.

SO ORDERED this ___ day of January, 2004.

BY THE COURT:

_____
[signature: Dena Campbell]

Approved as to form:

**SECURITIES AND EXCHANGE COMMISSION**

_____
Attorney for Plaintiff

**HOLLAND & HART, L.P.**

_____
Attorney for Receiver David Broadbent

-7-

## CERTIFICATE OF SERVICE

I certify that on January 29th, 2004, I served a copy of the foregoing document to the following by:

☒     U.S. Mail, postage prepaid
☐     Hand Delivery
☐     Fax

Mark J. Griffin, Esq.
Woodbury & Kesler
265 East 100 South, Suite 300
Salt Lake City, UT 84111
Facsimile: 359-2320
   *Attorneys for Dr. Richard Gerber and Nicholas E. Hales*

Thomas M. Melton, Esq.
William B. McKean, Esq.
Securities and Exchange Commission
Salt Lake District Office
50 South Main, Suite 500
Salt Lake City, UT 84144
Facsimile: 524-3558
   *Attorneys for the Securities & Exchange Commission*

Randall Mackey, Esq.
Gifford W. Price, Esq.
Russell C. Skousen, Esq.
Mackey Price & Thompson
350 American Plaza II
57 West 200 South
Salt Lake City, UT 84101
Facsimile: 575-5006
   *Attorneys for Patrick M. Brody*

Rodney G. Snow, Esq.
Clyde, Snow, Sessions & Swenson
201 South Main, Suite 1300
Salt Lake City, UT 84111
Facsimile: 521-6280
   *Attorneys for Michael G. Licopantis*

Max D. Wheeler, Esq.
Robert J. Shelby, Esq.
Snow, Christensen & Martineau
10 Exchange Place, Eleventh Floor
P.O. Box 45000
Salt Lake City, UT 84145-5000
Facsimile: 363-0400
   *Attorneys for David E. Ross, II*

Richard D. Burbidge, Esq.
Stephen B. Mitchell, Esq.
Burbidge and Mitchell
215 South State Street, Suite 920
Salt Lake City, UT 84111
Facsimile: 355-2341
   *Attorneys for The Scott K. Canepa Charitable Supporting Organization and Scott K. Canepa, its Trustee and individually*

Mark A. Solomon, Esq.
Dana A. Kleiber, Esq.
Lionel, Sawyer & Collins
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101
Facsimile: 702-383-8845
   *Attorneys for The Scott K. Canepa*
   *Charitable Supporting Organization*
   *and Scott K. Canepa, its Trustee and*
   *individually*

Steven A. Sinkin, Esq.
Sinkin & Barretto, PLLC
105 West Woodlawn Avenue
San Antonio, TX 78212-3457
Facsimile: 210-736-2777
   *Attorneys for John P. Landis*

Peter W. Billings, Jr., Esq.
Fabian & Clendenin
P.O. Box 510210
Salt Lake City, UT 84151
Facsimile: 596-2814
   *Attorneys for Defendant Certain*
   *Underwriters at Lloyds, London*

Kristopher A. Kuehn, Esq.
Warden Triplett Grier
9401 Indian Creek Parkway, Suite 1100
Overland Park, KS 66210
Facsimile: 913-696-7096
   *Attorneys for Defendant Certain*
   *Underwriters at Lloyds, London*

Randy Paar, Esq.
Dickstein Shapiro Morin & Oshinsky
1177 Avenue of the Americas
New York, NY 10036-2714
Facsimile: 212-997-9880
   *Attorneys for Plaintiffs*

Robert Henry Copier, Esq.
243 E. 400 S., Ste. 200
Salt Lake City, UT 84111
Facsimile: 531-7928
   *Attorneys for Patrick M. Brody*

*/s/ AJ Bauer*

```
                                                                    alt
                    United States District Court
                              for the
                          District of Utah
                         February 3, 2004


                * * CERTIFICATE OF SERVICE OF CLERK * *


Re:  2:02-cv-00039



True and correct copies of the attached were either mailed, faxed or e-mailed
by the clerk to the following:


     James P. Landis
     105 W WOODLAWN
     SAN ANTONIO, TX  78212

     Mr. Peter W. Billings Jr, Esq.
     FABIAN & CLENDENIN
     215 S STATE STE 1200
     PO BOX 510210
     SALT LAKE CITY, UT  84151
     EMAIL

     Kristopher A. Kuehn, Esq.
     WARDEN TRIPLETT GRIER
     9401 INDIAN CREEK PKWY STE 1100
     OVERLAND PARK, KS  66210
     EMAIL

     Mr. Richard D Burbidge, Esq.
     BURBIDGE & MITCHELL
     215 S ST ST STE 920
     SALT LAKE CITY, UT  84111
     EMAIL

     Mark A. Solomon, Esq.
     LIONEL SAWYER & COLLINS
     300 S FOURTH STE 1700
     LAS VEGAS, NV  89101

     Mark J. Griffin, Esq.
     WOODBURY & KESLER
     265 E 100 S STE 300
     SALT LAKE CITY, UT  84111
     EMAIL

     Brent E. Johnson, Esq.
     HOLLAND & HART
     60 E SOUTH TEMPLE STE 2000
     SALT LAKE CITY, UT  84111-1031
     EMAIL
```

Randy Paar, Esq.
DICKSTEIN SHAPIRO MORIN & OSHINSKY
1177 AVENUE OF THE AMERICAS
NEW YORK, NY  10036-2714

Mr. Max D Wheeler, Esq.
SNOW CHRISTENSEN & MARTINEAU
10 EXCHANGE PLACE
PO BOX 45000
SALT LAKE CITY, UT  84145-5000
EMAIL

Mr. Randall A Mackey, Esq.
MACKEY PRICE & THOMPSON
57 W 200 S STE 350
SALT LAKE CITY, UT  84101-1655
EMAIL

Mr. Thomas M Melton, Esq.
SECURITIES AND EXCHANGE COMMISSION
50 S MAIN STE 500
SALT LAKE CITY, UT  84144-0402
EMAIL