# EXHIBIT
# F



# Summons

In the matter of Dr. Richard Gerber, 2324 Tracy Place NW, Washington, D.C. 20008

Internal Revenue Service (Division): Criminal Investigation

Industry/Area (name or number): Criminal Investigation / Mid-Atlantic Area

Periods: 1999/12, 2000/12, 2001/12, 2002/12, 2003/12, 2004/12, 2005/12

## The Commissioner of Internal Revenue

To: Rosenau & Rosenau

At: 1304 Rhode Island Ave., NW, Washington, D.C. 20005

You are hereby summoned and required to appear before Kenneth L. Buck or his designee an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

See Attachment. The summons may be complied with by mailing the requested information to Special Agent Kenneth L. Buck at the address below.

## Attestation

I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original.

_Kenneth L. Buck_
Signature of IRS officer serving the summons

_Special Agent_
Title

Business address and telephone number of IRS officer before whom you are to appear:

Place and time for appearance at 201 Thomas Johnson Drive, Suite 203 Frederick, MD 21702

**IRS**

Department of the Treasury
Internal Revenue Service

www.irs.gov

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

on the ___3rd___ day of ___January___ ___2006___ at ___10:00___ o'clock ___a.___ m.

Issued under authority of the Internal Revenue Code this _2nd_ day of _December_, _2005_

_Kenneth L. Buck_
Signature of issuing officer

_Special Agent_
Title

_N/A_
Signature of approving officer (if applicable)

Title

**Part A - to be given to person summoned**

ATTACHMENT TO SUMMONS ISSUED TO: Rosenau & Rosenau

FOR THE YEARS: 1999 - 2005

All records relative to Dr. Richard Gerber.

Such records to include but not limited to:

Records relating to legal or professional fees paid to you by or on behalf of Dr. Richard Gerber for legal services rendered, reflecting the amounts of each fee, the date paid, whether the payments were made by check or in cash, copies (front and back) of any checks. Records of any payments by you to others for the benefit of, or on behalf of Dr. Richard Gerber, including records disclosing the dates, amounts, method (cash or check) and copies (front and back) of the checks. All canceled checks, duplicate copies of bank or teller's checks or receipts for purchase of bank or teller's checks for these payments.

Any and all depositions or other statements made by Dr. Richard Gerber with accompanying exhibits.

Any and all records provided by Dr. Richard Gerber relating to his financial position including but not limited to net worth statements, financial statements, cash flow statements, supporting documents, memoranda, letters, notes, e-mails or other correspondence.



# Summons

In the matter of  Richard Gerber 2324 Tracy Place, NW, Washington, D.C. 20008

Internal Revenue Service (Division)  Criminal Investigation

Industry/Area (name or number)  Criminal Investigation, Mid-Atlantic Area

Periods  1999-12, 2000-12, 2001-12, 2002-12, 2003-12, 2004-12, 2005-12, 2006-12

## The Commissioner of Internal Revenue

**To:** Wells Fargo Bank N A

**At:** 2700 S Price Road, Attn: Subpoena Processing Dept., Chandler, AZ 85248

You are hereby summoned and required to appear before  Special Agent Kenneth Buck or his designee
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown

See Attached  This summons may be complied with by mailing the requested information to Special Agent Kenneth L. Buck at the address below

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**

201 Thomas Johnson Drive, Suite 203 Frederick, MD 21702 (301) 696-1994

**Place and time for appearance at** 201 Thomas Johnson Drive, Suite 203 Frederick, MD 21702

**IRS**

on the _____ day of _____ at __10:00__ o'clock __a__ m

**Issued under authority of the Internal Revenue Code this** _____ **day of** _____

Department of the Treasury
Internal Revenue Service

**www.irs.gov**

_____        Special Agent
Signature of issuing officer                     Title

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

_____
Signature of approving officer (if applicable)        Title

**Part C** — to be given to noticee

ATTACHMENT TO SUMMONS ISSUED TO:  Well Fargo Bank NA

ALL OPEN AND CLOSED ACCOUNTS

For the years: 1999 - 2006

Records pertaining to the following entity whether held jointly or severally or as trustee or fiduciary as well as custodian, executor or guardian as well as any other entity in which these individuals or entities may have a financial interest:  Opal King Investment, Inc. (Possible Account Number: 0465658490)

To include all accounts in which these individuals had signatory authority and/or the right of withdrawal.

These records should include but are not limited to:

SAVINGS ACCOUNT RECORDS:  Including signature cards, ledger cards or records reflecting dates and amounts of deposits, withdrawals, interest, debit and credit memos, deposit slips, checks deposited, withdrawal slips, and checks issued for withdrawals, Forms 1099 issued.

CHECKING ACCOUNT RECORDS:  Including signature cards, bank statements, deposit slips, checks deposited, checks drawn on the account, records pertaining to all debit and credit memos, Forms 1099 issued.

LOAN RECORDS:  Including applications, financial statements, loan collateral, credit and background investigations, loan agreements, notes or mortgages, settlement sheets, contracts, checks issued for loans, repayment records, including records revealing the date, amount and method of repayment (cash or check), checks used to repay loans and a record disclosing the total amount of discount or interest paid annually, records of any liens, loan correspondence files, and internal bank memoranda.

CERTIFICATES OF DEPOSIT AND MONEY MARKET CERTIFICATES: Including applications, actual instruments(s), records of purchases and redemption's, checks issued on redemption, checks used to purchase certificate, any correspondence and any Forms 1099 issued, records revealing the annual interest paid or accumulated, the dates of payment or date interest is earned, checks issued for interest payments.

CREDIT CARD RECORDS:  Including customer's application, signature card, credit or background investigations conducted, correspondence, monthly billing statements, individual charge invoices, repayment records disclosing the dates, amounts and method (cash or check) of repayment, checks used to make repayments (front and back).

# Summons

In the matter of  Richard Gerber 2324 Tracy Place, NW, Washington, D.C. 20008

Internal Revenue Service (Division):  Criminal Investigation

Industry/Area (name or number):  Criminal Investigation  Mid-Atlantic Area

Periods  1999:12, 2000:12, 2001:12, 2002:12, 2003:12, 2004:12, 2005:12

## The Commissioner of Internal Revenue

**To:**  Washington Mutual Bank

**At:**  5268-M Nicholson Lane, Kensington, Maryland 20895

You are hereby summoned and required to appear before  Special Agent Kenneth Buck or his designee
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

See Attached  This summons may be complied with by mailing the requested information to Special Agent Kenneth L. Buck at the address below.

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**

201 Thomas Johnson Drive, Suite 203 Frederick, MD 21702 (301) 696-1994

**Place and time for appearance at**  201 Thomas Johnson Drive, Suite 203 Frederick, MD 21702

## IRS

**Department of the Treasury
Internal Revenue Service**

**www.irs.gov**

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

on the _____ day of _____ at __10:00__ o'clock __a__ m

Issued under authority of the Internal Revenue Code this _____ day of _____
_____          Special Agent
Signature of issuing officer                          Title

_____          
Signature of approving officer (if applicable)          Title

**Part C — to be given to noticee**

ATTACHMENT TO SUMMONS ISSUED TO: Washington Mutual Bank

ALL OPEN AND CLOSED ACCOUNTS

For the years: 1999 - 2006

Records pertaining to the following business entity whether held jointly or severally or as trustee or fiduciary as well as custodian, executor or guardian as well as any other entity in which these individuals or entities may have a financial interest: Dark Amethyst LLC. (The address for this company may be David E. Ross Mgr., C/O Merrill Scott and Associates, 4021 S 777 East, Ste. 650, Salt Lake City, Utah 84107)

These records should include but are not limited to:

CHECKING ACCOUNT RECORDS: Including signature cards, bank statements, deposit slips, checks deposited, checks drawn on the account, records pertaining to all debit and credit memos, Forms 1099 issued.

LOAN RECORDS: Including applications, financial statements, loan collateral, credit and background investigations, loan agreements, notes or mortgages, settlement sheets, contracts, checks issued for loans, repayment records, including records revealing the date, amount and method of repayment (cash or check), checks used to repay loans and a record disclosing the total amount of discount or interest paid annually, records of any liens, loan correspondence files, and internal bank memoranda.

CREDIT CARD RECORDS: Including customer's application, signature card, credit or background investigations conducted, correspondence, monthly billing statements, individual charge invoices, repayment records disclosing the dates, amounts and method (cash or check) of repayment, checks used to make repayments (front and back).

PURCHASES OF BANK CHECKS: Purchases of bank checks, cashier, teller, travelers' check records, or money order records including the check register, file copies of the checks or money orders, records revealing the date and source of payment for said checks or money orders.

OTHER RECORDS: Records of certified checks, wire transfers, or collections, letters of credit, bonds and securities purchased through your bank, savings bond transactions and investment accounts. Such records that disclose the date and amount of the transaction, method (cash or check) and source of payment, instruments and statements of transactions.

All correspondence with the above persons/entities and/or with third parties regarding the above persons/entities. All memoranda, notes, files, or records relating to meetings or conversations concerning the above persons/entities.

<u>RECORD FORMAT</u>: In addition to hard copies, records are requested in the form of magnetic media. Data may be provided in 3 1/2 inch diskettes or compact disks (CDs). ASCII fixed length files are preferred, however, ASCII delimited format is acceptable. A record layout for the data is also requested.



# Summons

In the matter of Richard Gerber 2324 Tracy Place, NW, Washington, D.C. 20008

Internal Revenue Service (Division): Criminal Investigation

Industry/Area (name or number): Criminal Investigation Mid-Atlantic Area

Periods: 1999-12, 2000-12, 2001/12, 2002-12, 2003-12, 2004-12, 2005-12

## The Commissioner of Internal Revenue

**To:** Key Bank NA

**At:** 50 South Main, Suite 2005, Attn: Karen Cammack, Salt Lake City, Utah 84144

You are hereby summoned and required to appear before Special Agent Kenneth Buck or his designee
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers
and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the
administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown

See Attached. This summons may be complied with by mailing the requested information to Special Agent Kenneth L. Buck at the
address below.

---

### Do not write in this space

---

**Business address and telephone number of IRS officer before whom you are to appear:**

201 Thomas Johnson Drive, Suite 203 Frederick, MD 21702 (301) 696-1994

**Place and time for appearance at** 201 Thomas Johnson Drive, Suite 203 Frederick, MD 21702

**IRS**

Department of the Treasury
**Internal Revenue Service**

**www.irs.gov**

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

on the _____ day of _____ at __10:00__ o'clock __a__ m
                                                          year

Issued under authority of the Internal Revenue Code this _____ day of _____
                                                                                    year

_____                    Special Agent
Signature of issuing officer                  Title

_____
Signature of approving officer (if applicable)    Title

**Part C** — to be given to noticee

ATTACHMENT TO SUMMONS ISSUED TO: Key Bank NA

ALL OPEN AND CLOSED ACCOUNTS

For the years: 1999 - 2006

Records pertaining to the following business entities whether held jointly or severally or as trustee or fiduciary as well as custodian, executor or guardian as well as any other entity in which these individuals or entities may have a financial interest: Opal King Investments, Inc. or Opal King Investments LLC (possible account number: 440421125855) and Dark Amethyst LLC (possible account number: 440421125624)

These records should include but are not limited to:

CHECKING ACCOUNT RECORDS: Including signature cards, bank statements, deposit slips, checks deposited, checks drawn on the account, records pertaining to all debit and credit memos, Forms 1099 issued.

LOAN RECORDS: Including applications, financial statements, loan collateral, credit and background investigations, loan agreements, notes or mortgages, settlement sheets, contracts, checks issued for loans, repayment records, including records revealing the date, amount and method of repayment (cash or check), checks used to repay loans and a record disclosing the total amount of discount or interest paid annually, records of any liens, loan correspondence files, and internal bank memoranda.

CREDIT CARD RECORDS: Including customer's application, signature card, credit or background investigations conducted, correspondence, monthly billing statements, individual charge invoices, repayment records disclosing the dates, amounts and method (cash or check) of repayment, checks used to make repayments (front and back).

PURCHASES OF BANK CHECKS: Purchases of bank checks, cashier, teller, travelers' check records, or money order records including the check register, file copies of the checks or money orders, records revealing the date and source of payment for said checks or money orders.

OTHER RECORDS: Records of certified checks, wire transfers, or collections, letters of credit, bonds and securities purchased through your bank, savings bond transactions and investment accounts. Such records that disclose the date and amount of the transaction, method (cash or check) and source of payment, instruments and statements of transactions.

All correspondence with the above persons/entities and/or with third parties regarding the above persons/entities. All memoranda, notes, files, or records relating to meetings or conversations concerning the above persons/entities.

<u>RECORD FORMAT</u>: In addition to hard copies, records are requested in the form of magnetic media. Data may be provided in 3 1/2 inch diskettes or compact disks (CDs). ASCII fixed length files are preferred, however, ASCII delimited format is acceptable. A record layout for the data is also requested.

PURCHASES OF BANK CHECKS:  Purchases of bank checks, cashier, teller, travelers' check records, or money order records including the check register, file copies of the checks or money orders, records revealing the date and source of payment for said checks or money orders.

OTHER RECORDS:  Records of certified checks, wire transfers, or collections, letters of credit, bonds and securities purchased through your bank, savings bond transactions and investment accounts.  Such records that disclose the date and amount of the transaction, method (cash or check) and source of payment, instruments and statements of transactions.

All correspondence with the above persons/entities and/or with third parties regarding the above persons/entities.  All memoranda, notes, files, or records relating to meetings or conversations concerning the above persons/entities.

RECORD FORMAT: In addition to hard copies, records are requested in the form of magnetic media.  Data may be provided in 3 1/2 inch diskettes or compact disks (CDs). ASCII fixed length files are preferred, however, ASCII delimited format is acceptable.  A record layout for the data is also requested.

02/24/2006    10:59    ROSENAU & ROSENAU → 19173687340    NO.404    D14

# Summons

In the matter of Richard Gerber 2324 Tracy Place, NW, Washington, D.C. 20008

Internal Revenue Service (Division): Criminal Investigation

Industry/Area (name or number): Criminal Investigation / Mid-Atlantic Area

Periods: 1999/12, 2000/12, 2001/12, 2002/12, 2003/12, 2004/12, 2005/12

## The Commissioner of Internal Revenue

To: Paine Webber

At: 100 East Pratt Street, 21st Floor, Baltimore, Maryland 21202

You are hereby summoned and required to appear before  Special Agent Kenneth Buck or his designee
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

See Attached  This summons my be complied with by mailing the requested information to Special Agent Kenneth L. Buck at the address below.

## Do not write in this space

**Business address and telephone number of IRS officer before whom you are to appear:**

201 Thomas Johnson Drive, Suite 203 Frederick, MD 21702 (301) 696-1994

**Place and time for appearance at** 201 Thomas Johnson Drive, Suite 203 Frederick, MD 21702

**IRS**

Department of the Treasury
Internal Revenue Service

**www.irs.gov**

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

on the  2ND  day of February  2006  at  10:00  o'clock  a  m.
(year)

Issued under authority of the Internal Revenue Code this  10TH  day of  JANUARY  ,  2006
(year)

_____    Special Agent
Signature of issuing officer    Title

_____    _____
Signature of approving officer (if applicable)    Title

**Part C — to be given to noticee**

ATTACHMENT TO SUMMONS ISSUED TO: Paine Webber.
FOR THE YEARS: 1999 - 2005

All records relative to financial transactions with or on behalf of Dr. Richard Gerber,
RGB Pension, Grey Diamond Marketing, Inc., Black Pearl, LLC, Byzantine Limited
Partnership, Opal King, Inc., Dark Amethyst, LLC, Emerald Cabochon, Ltd., Jewel of the
Isles, Ltd., Ruby River Marketing, Ltd., Seely Enterprises, Ltd., Highwood Point
Technologies, Ltd., Tropical Behavior Evaluation Foundation, Au Panache, Ltd., Web
Services, Ltd., Physician's Management Services, Ltd., New Partnership. All records of
accounts open or closed whether held jointly or severally, as a trustee or fiduciary as
well as custodian, executor, guardian or nominee.

Such records to include but not limited to:

Records disclosing the types of accounts held by the above.

All account records of security transactions including all agreements, contracts,
applications for account, signature cards, all records relative to treasury notes or
certificates of deposit purchased, cash accounts, ready asset accounts, mutual fund
accounts, commodity accounts, margin accounts, retirement accounts or other
accounts. Such records including cash receipts, confirmation slips, securities delivered
receipts, statements of account, notifications of purchase or sale, representative's stock
record, account executive worksheets, correspondence, ledger sheets, cash in slips,
buy and sell slips, or other records of these transaction.

Other records revealing a description of the securities transacted, quantity bought or
sold, date of transactions, purchase or sales price and commissions paid.

Records revealing the dates, amounts, and purpose of all payments by the above to
you.

Records of the disposition of the proceeds from each sale including checks (front and
back) issued to the above as a result of these sales.

Records of cash and stock dividends and interest paid including checks (front and back)
issued and forms 1099.

Broker's account records maintained including but not limited to all notes, memoranda
(informal or formal), correspondence, financial statements, background or credit
investigations, records disclosing the stock transfer agent and dividend disbursing
agent.

Records of any other payments to the above such records revealing the date, amount,
and purpose of the payment including the checks (front and back) for such payments.

RECORD FORMAT: In addition to hard copies, records are requested in the form of magnetic media. Data may be provided in 3 1/2 inch diskettes or compact disks (CDs). ASCII fixed length files are preferred, however, ASCII delimited format is acceptable. A record layout for the data is also requested.

02/17/2006 14:19 FAX 2063258973          ARTHUR H BOELTER PS                ☑002



# Summons

*2006*

In the matter of Richard Gerber 2324 Tracy Place, NW, Washington, D.C. 20008

Internal Revenue Service (Division): Criminal Investigation

Industry/Area (name or number): Criminal Investigation / Mid-Atlantic Area

Periods: 1999/12, 2000/12, 2001/12, 2002/12, 2003/12, 2004/12, 2005/12

### The Commissioner of Internal Revenue

To: U.S. Bank N.A., Legal Department

At: 800 Nicollet Mall, 21st Floor, Minneapolis, MN 55402

You are hereby summoned and required to appear before Special Agent Kenneth Buck or his designee an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

See Attached  This summons may be complied with by mailing the requested information to Special Agent Kenneth L. Buck at the address below.

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**

201 Thomas Johnson Drive, Suite 203 Frederick, MD 21702 (301) 696-1994

**Place and time for appearance at** 201 Thomas Johnson Drive, Suite 203 Frederick, MD 21702

## IRS

**Department of the Treasury
Internal Revenue Service**

**www.irs.gov**

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

on the  6th  day of  March  2006  at  10:00  o'clock  a  m.
(year)

Issued under authority of the Internal Revenue Code this 8th day of February , 2006
(year)

_Kenneth L. Buck_                          Special Agent
Signature of issuing officer                          Title

_N /A_
Signature of approving officer (if applicable)                          Title

**Part C — to be given to noticee**



# Provisions of the Internal Revenue Code

## Sec. 7602. Examination of books and witnesses

(a) Authority to Summon, etc. - For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized -

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry.

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

(b) Purpose may include inquiry into offense. - The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

(c) Notice of contact of third parties. -

(1) General Notice. - An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made.

(2) Notice of specific contacts. - The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.

(3) Exceptions. - This subsection shall not apply-

(A) to any contact which the taxpayer has authorized,

(B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or such notice may involve reprisal against any person, or

(C) with respect to any pending criminal investigation.

(d) No administrative summons when there is Justice Department referral.-

(1) Limitation of authority. - No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.

(2) Justice Department referral in effect. - For purposes of this subsection-

(A) In general. - A Justice Department referral is in effect with respect to any person if-

(i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws or

(ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.

(B) Termination. - A Justice Department referral shall cease to be in effect with respect to a person when-

(i) the Attorney General notifies the Secretary, in writing, that -

(I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws,

(II) he will not authorize a grand jury investigation of such person with respect to such an offense, or

(III) he will discontinue such a grand jury investigation.

(ii) a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person, or

(iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in sub paragraph (A)(ii).

(3) Taxable years, etc., treated separately. - For purposes of this subsection, each taxable period (or, if there is no taxable period, each taxable event) and each tax imposed by a separate chapter of this title shall be treated separately.

(e) Limitation on examination on unreported income. - The Secretary shall not use financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the Secretary has a reasonable indication that there is a likelihood of such unreported income.

Authority to examine books and witness is also provided under sec. 6420 (e)(2) - Gasoline used on farms: sec. 6421(g)(2) - Gasoline used for certain nonhighway purposes by local transit systems, or sold for certain exempt purposes; and sec. 6427(j)(2) - Fuels not used for taxable purposes.

## Sec. 7603. Service of summons

(a) In general - A summons issued under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records, or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty.

(b) Service by mail to third-party recordkeepers.-

(1) In general. - A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of such recordkeeper.

(2) Third party record keeper. - For purposes of paragraph (1), the term third-party recordkeeper means -

(A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section (c)(14)(A));

(B) any consumer reporting agency (as defined under section 603(f) of the Fair Credit Reporting Act (15 U.S.C. 1681 a(f));

(C) Any person extending credit through the use of credit cards or similar devices;

(D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4));

(E) any attorney;

(F) any accountant;

(G) any barter exchange (as defined in section 6045(c)(3));

(H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof;

(I) any enrolled agent; and

(J) any owner or developer of a computer software source code (as defined in section 7612(d)(2)). Subparagraph (J) shall apply only with respect to a summons requiring the production of the source code referred to in subparagraph (J) or the program and data described in section 7612(b)(1)(A)(ii) to which source code relates.

## Sec. 7604. Enforcement of summons

(a) Jurisdiction of District Court. - If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

(b) Enforcement. - Whenever any person summoned under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States Commissioner[1] for the district within which the person so summoned resides or is found for an attachment against him as for a contempt, it shall be the duty of the judge or commissioner[1] to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States Commissioner[1] shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

[1] Or United States magistrate, pursuant to P.L. 90-578.

## Sec. 7605. Time and place of examination

(a) Time and place. - The time and place of examination pursuant to the provisions of section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 shall be such time and place as may be fixed by the Secretary and as are reasonable under the circumstances. In the case of a summons under authority of paragraph (2) of section 7602, or under the corresponding authority of section 6420(e)(2), 6421 (g)(2) or 6427(j)(2), the date fixed for appearance before the Secretary shall be not less than 10 days from the date of the summons.

## Sec. 7610. Fees and costs for witnesses

(a) In general. - The secretary shall by regulations establish the rates and conditions under which payment may be made of -

(1) fees and mileage to persons who are summoned to appear before the Secretary, and

(2) reimbursement for such costs that are reasonably necessary which have been directly incurred in searching for, reproducing, or transporting books, papers, records, or other data required to be produced by summons.

(b) Exceptions - No payment may be made under paragraph (2) of subsection (a) if -

(1) the person with respect to whose liability the summons is issued has a proprietary interest in the books, papers, records or other data required to be produced, or

(2) the person summoned is the person with respect to whose liability the summons is issued or an officer, employee, agent, accountant, or attorney of such person who, at the time the summons is served, is acting as such.

(c) Summons to which section applies. - This section applies with respect to any summons authorized under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602.

## Sec. 7210. Failure to obey summons

Any person who, being duly summoned to appear to testify, or to appear and produce books, accounts, records, memoranda or other papers, as required under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), 7602, 7603, and 7604(b), neglects to appear or to produce such books, accounts, records memoranda, or other papers, shall, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with costs of prosecution.

Form 2039 (Rev. 12-2001)

02/17/2006 14:21 FAX 2063258973          ARTHUR H BOELTER PS                    ☑004

**To:** *Arthur Boelter*          **Date:** *2/8/06*
**Address:** *1411 4Th Ave. Ste 1410*
*Seattle, Washington 98101*

---

Enclosed is a copy of a summons served by the IRS to examine records made or kept by, or to request testimony from, the person summoned. If you object to the summons, you are permitted to file a lawsuit in the United States district court in the form of a petition to quash the summons in order to contest the merits of the summons.

## General Directions

1. You must file your petition to quash in the United States district court for the district where the person summoned resides or is found.

2. You must file your petition within 20 days from the date of this notice and pay a filing fee as may be required by the clerk of the court.

3. You must comply with the Federal Rules of Civil Procedure and local rules of the United States district court.

## Instructions for Preparing Petition to Quash

1. Entitle your petition "Petition to Quash Summons."

2. Name the person or entity to whom this notice is directed as the petitioner.

3. Name the United States as the respondent.

4. State the basis for the court's jurisdiction, as required by Federal Rule of Civil Procedure. See Internal Revenue Code Section 7609(h).

5. State the name and address of the person or entity to whom this notice is directed and state that the records or testimony sought by the summons relate to that person or entity.

6. Identify and attach a copy of the summons.

7. State in detail every legal argument supporting the relief requested in your petition. See Federal Rules of Civil Procedure. Note that in some courts you may be required to support your request for relief by a sworn declaration or affidavit supporting any issue you wish to contest.

8. Your petition must be signed as required by Federal Rule of Civil Procedure 11.

9. Your petition must be served upon the appropriate parties, including the United States, as required by Federal Rule of Civil Procedure 4.

10. At the same time you file your petition with the court, you must mail a copy of your petition by certified or registered mail to the person summoned and to the IRS. Mail the copy for the IRS to the officer whose name and address are shown on the face of this summons. See 7609(b)(2)(B).

The court will decide whether the person summoned should be required to comply with the summons request. Your filing of a petition to quash may suspend the running of the statute of limitations for civil liability or for criminal prosecution for offenses under the tax laws for the tax periods to which the summons relates. Such suspension would be in effect while any proceeding (or appeal) with respect to the summons is pending.

The relevant provisions of the Internal Revenue Code are enclosed with this notice. If you have any questions, please contact the Internal Revenue Service officer before whom the person summoned is to appear. The officer's name and telephone number are shown on the summons.



**IRS**

Department of the Treasury
Internal Revenue Service

**www.irs.gov**

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

**Part D — to be given to noticee**

02/17/2006 14:22 FAX 2063258973          ARTHUR H BOELTER PS          Ø005

## Sec. 7609. Special procedures for third-party summons

(a) Notice.-

(1) In general. - If any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2)) with respect to, any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons.

(2) Sufficiency of notice. - Such notice shall be sufficient if, on or before such third day, such notice is served in the manner provided in section 7603 (relating to service of summons) upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person, or, in the absence of a last known address, is left with the person summoned. If such notice is mailed, it shall be sufficient if mailed to the last known address of the person entitled to notice or, in the case of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, to the last known address of the fiduciary of such person, even if such person or fiduciary is then deceased, under a legal disability, or no longer in existence.

(3) Nature of summons. - Any summons to which this subsection applies (and any summons in aid of collection described in subsection (c)(2)(D)) shall identify the taxpayer to whom the summons relates or the other person to whom the records pertain and shall provide such other information as will enable the person summoned to locate the records required under the summons.

(b) Right to intervene; right to proceeding to quash. -

(1) Intervention. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons under section 7604.

(2) Proceeding to quash. -

(A) In general. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.

(B) Requirement of notice to person summoned and to Secretary. - If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

(C) Intervention, etc. - Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A). Such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding).

(c) Summons to which section applies. -

(1) In general. - Except as provided in paragraph (2), this section shall apply to any summons issued under paragraph (2) of section 7602(a) or under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7612.

(2) Exceptions. - This section shall not apply to any summons -

(A) served on the person with respect to whose liability the summons is issued, or any officer or employee of such person;

(B) issued to determine whether or not records of the business transaction or affairs of an identified person have been made or kept;

(C) issued solely to determine the identity of any person having a numbered account (or similar arrangement) with a bank or other institution described in section 7603(b)(2)(A);

(D) issued in aid of the collection of -

(i) an assessment made or a judgment rendered against the person with respect to whose liability the summons is issued, or

(ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i);

(E) - (i) issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws, and

(ii) served on a person who is not a third-party recordkeeper (as defined in section 7603(b)), or

(F) described in subsection (f) or (g)

(3) Records. - For purposes of this section, the term records includes books, papers, and other data.

(d) Restriction on examination of records. - No examination of any records required to be produced under a summons as to which notice is required under subsection (a) may be made -

(1) before the close of the 23rd day after the day notice with respect to the summons is given in the manner provided in subsection (a)(2), or

(2) where a proceeding under subsection (b)(2)(A) was begun within the 20-day period referred to in such subsection and the requirements of subsection (b)(2)(B) have been met, except in accordance with an order of the court having jurisdiction of such proceeding or with the consent of the person beginning the proceeding to quash.

(e) Suspension of Statute of Limitations. -

(1) Subsection (b) action. - If any person takes any action as provided in subsection (b) and such person is the person with respect to whose liability the summons is issued (or is the agent, nominee, or other person acting under the direction or control of such person), then the running of any period of limitations under section 6501 (relating to the assessment and collection of tax) or under section 6531 (relating to criminal prosecutions) with respect to such person shall be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending.

(2) Suspension after 6 months of service of summons. - In the absence of the resolution of the summoned party's response to the summons, the running of any period of limitations under section 6501 or under section 6531 with respect to any person with respect to whose liability the summons is issued (other than a person taking action as provided in subsection (b)) shall be suspended for the period -

(A) beginning on the date which is 6 months after the service of such summons, and

(B) ending with the final resolution of such response.

(f) Additional requirements in the case of a John Doe summons. - Any summons described in subsection (c)(1) which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding in which the Secretary establishes that -

(1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,

(2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and

(3) the information sought to be obtained from the examination of the records or testimony (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.

(g) Special exception for certain summonses. - A summons is described in this subsection if, upon petition by the Secretary, the court determines, on the basis of the facts and circumstances alleged, that there is reasonable cause to believe the giving of notice may lead to attempts to conceal, destroy, or alter records relevant to the examination, to prevent the communication of information from other persons through intimidation, bribery, or collusion, or to flee to avoid prosecution, testifying, or production of records.

(h) Jurisdiction of district court; etc. -

(1) Jurisdiction. - The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subsection (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.

(2) Special rule for proceedings under subsections (f) and (g) - The determinations required to be made under subsections (f) and (g) shall be made ex parte and shall be made solely on the petition and supporting affidavits.

(i) Duty of summoned party. -

(1) Recordkeeper must assemble records and be prepared to produce records.- On receipt of a summons to which this section applies for the production of records, the summoned party shall proceed to assemble the records requested, or such portion thereof as the Secretary may prescribe, and shall be prepared to produce the records pursuant to the summons on the day on which the records are to be examined.

(2) Secretary may give summoned party certificate. - The Secretary may issue a certificate to the summoned party that the period prescribed for beginning a proceeding to quash a summons has expired and that no such proceeding began within such period, or that the taxpayer consents to the examination.

(3) Protection for summoned party who discloses. - Any summoned party, or agent or employee thereof, making a disclosure of records of testimony pursuant to this section in good faith reliance on the certificate of the Secretary or an order of a court requiring production of records or the giving of such testimony shall not be liable to any customer or other person for such disclosure.

(4) Notice of suspension of statute of limitations in the case of a John Doe summons. - In the case of a summons described in subsection (f) with respect to which any period of limitations has been suspended under subsection (e)(2), the summoned party shall provide notice of such suspension to any person described in subsection (f).

(j) Use of summons not required. - Nothing in this section shall be construed to limit the Secretary's ability to obtain information, other than by summons, through formal or informal procedures authorized by sections 7601 and 7602.

Form 2039 (Rev. 12-2001)

ATTACHMENT TO SUMMONS ISSUED TO: U.S. Bank N.A.

ALL OPEN AND CLOSED ACCOUNTS

For the years: 1999 - 2005

Records pertaining to the following individuals and business entities whether held jointly or severally or as trustee or fiduciary as well as custodian, executor or guardian as well as any other entity in which these individuals or entities may have a financial interest: Dr. Richard Gerber, Ronna Lindner, David Ross, Janet Ackerson, Grey Diamond Marketing, Inc., Merrill Scott & Associates

To include all accounts in which these individuals had signatory authority and/or the right of withdrawal.

These records should include but are not limited to:

SAVINGS ACCOUNT RECORDS: Including signature cards, ledger cards or records reflecting dates and amounts of deposits, withdrawals, interest, debit and credit memos, deposit slips, checks deposited, withdrawal slips, and checks issued for withdrawals, Forms 1099 issued.

CHECKING ACCOUNT RECORDS: Including signature cards, bank statements, deposit slips, checks deposited, checks drawn on the account, records pertaining to all debit and credit memos, Forms 1099 issued.

LOAN RECORDS: Including applications, financial statements, loan collateral, credit and background investigations, loan agreements, notes or mortgages, settlement sheets, contracts, checks issued for loans, repayment records, including records revealing the date, amount and method of repayment (cash or check), checks used to repay loans and a record disclosing the total amount of discount or interest paid annually, records of any liens, loan correspondence files, and internal bank memoranda. (Possible account numbers 8250013697 and 148204) (Possible address 794 Neptune Avenue, Encinitas, California 92024)

CERTIFICATES OF DEPOSIT AND MONEY MARKET CERTIFICATES: Including applications, actual instruments(s), records of purchases and redemption's, checks issued on redemption, checks used to purchase certificate, any correspondence and any Forms 1099 issued, records revealing the annual interest paid or accumulated, the dates of payment or date interest is earned, checks issued for interest payments.

CREDIT CARD RECORDS: Including customer's application, signature card, credit or background investigations conducted, correspondence, monthly billing statements, individual charge invoices, repayment records disclosing the dates, amounts and method (cash or check) of repayment, checks used to make repayments (front and back).

<u>PURCHASES OF BANK CHECKS:</u>  Purchases of bank checks, cashier, teller, travelers' check records, or money order records including the check register, file copies of the checks or money orders, records revealing the date and source of payment for said checks or money orders.

<u>OTHER RECORDS:</u>  Records of certified checks, wire transfers, or collections, letters of credit, bonds and securities purchased through your bank, savings bond transactions and investment accounts.  Such records that disclose the date and amount of the transaction, method (cash or check) and source of payment, instruments and statements of transactions.

All correspondence with the above persons/entities and/or with third parties regarding the above persons/entities.  All memoranda, notes, files, or records relating to meetings or conversations concerning the above persons/entities.

<u>RECORD FORMAT</u>: In addition to hard copies, records are requested in the form of magnetic media.  Data may be provided in 3 1/2 inch diskettes or compact disks (CDs). ASCII fixed length files are preferred, however, ASCII delimited format is acceptable.  A record layout for the data is also requested.