# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD GERBER, ) | |
| Petitioner, ) | |
| v. ) | Case No. 1:06-mc-00032-RMU |
| UNITED STATES OF AMERICA, ) | Hon. Ricardo M. Urbina |
| Respondent. ) | |

**MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION
TO DISMISS PETITION TO QUASH IRS SUMMONS**

For the reasons set herein, the Court should dismiss Petitioner Richard Gerber's Petition to Quash an Internal Revenue Service summons issued to Paine Webber (a/k/a UBS) ("Paine Webber/UBS)", filed January 30, 2006 (docket No. 1), with prejudice.

**BACKGROUND**

1. At the time the Petition to Quash was filed, Kenneth L. Buck, a Special Agent employed by the Criminal Investigations Division of the Internal Revenue Service ("IRS"), was conducting an investigation of Petitioner, Dr. Richard Gerber, and taxable income he received during the tax years 1999, 2000, 2001, 2002, 2003, 2004, and 2005. (Declaration of Kenneth L. Buck, dated March 17, 2006 ("Buck Decl."), at ¶¶ 1-2.)[1]

<u>The Paine Webber/UBS Summons</u>

2. On January 10, 2006, in furtherance of the above referenced investigation and in accordance with 26 U.S.C. § 7602, Agent Buck issued an administrative summons, IRS Form 2039, to Paine Webber (a/k/a UBS), 100 East Pratt Street, 21st Floor, Baltimore, Maryland 21202, for records and documents described in an attachment to the summons. (Buck Decl. ¶ 3, and Exhibit A thereto.) In accordance with 26 U.S.C. § 7603, Agent Buck served an attested copy of the summons by sending it

---

[1] Agent Buck has since retired from the IRS. The investigation continues.

via certified mail to William Garlow, the manager of the foregoing Paine Webber/UBS office in Baltimore, on January 10, 2006. (Buck Decl. ¶ 4; Ex. A at 2, 5.)

3. On January 10, 2006, in accordance with 26 U.S.C. § 7609(a), Agent Buck also mailed notice of the summons to Dr. Gerber and to Arthur Boelter, Gerber's attorney in connection with the tax investigation, by certified mail to their last known addresses. (Buck Decl. ¶ 5; Ex. A at 2, 5.)

4. Dr. Gerber filed a petition to quash the January 10, 2006 summons issued to Paine Webber/UBS (the "Paine Webber/UBS summons") on January 30, 2006 (docket No. 1).

5. The time for appearance stated on the summons was February 3, 2006 at 10:00 a.m. (Ex. A at 1.) Paine Webber/UBS has not yet responded, but Mr. Garlow has informed Agent Buck that Paine Webber/UBS is prepared to comply with the summons. (Buck Decl. ¶ 7.)

6. As set forth in the first paragraph of the attachment thereto, the January 10, 2006 summons seeks financial records relating to a number of listed corporations, partnerships, and other entities in which Dr. Gerber is believed to hold interests. (Ex. A at 3.) Since issuing the summons on January 10, 2006, the IRS has determined that records relating to Web Services, Ltd., Physician's Management Services, Ltd., and New Partnership are unnecessary at this time. Therefore, the IRS is narrowing the January 10, 2006 summons to exclude these three entities. (Buck Decl. ¶ 8.)

7. The records and documents that the summons seeks from Paine Webber/UBS are necessary to determine Dr. Gerber's taxable income and corresponding tax liability for the years 1999, 2000, 2001, 2002, 2003, 2004, and 2005. (Buck Decl. ¶ 9.)

8. All administrative steps required by the Internal Revenue Code for the issuance of the summons have been taken. (Buck Decl. ¶ 10.)

2490155.1

9. At this time there is no "Justice Department referral," within the meaning of 26 U.S.C. §7602(d), in effect with respect to Dr. Gerber. Specifically, the IRS has not made a recommendation to the U.S. Department of Justice for a grand jury investigation or criminal prosecution of Dr. Gerber for the tax periods under examination, and the IRS is not delaying such a recommendation in order to collect additional information. Moreover, the Department of Justice has not made any request under 26 U.S.C. § 6103(h)(3)(B) for the disclosure of any return or return information, as those terms are defined in 26 U.S.C. § 6103(b), relating to Dr. Gerber. (Buck Decl. ¶ 11.)

10. The United States filed a motion to dismiss the Petition to Quash the Paine Webber/UBS summons for lack of subject matter jurisdiction on January 30, 2006 (docket No. 1).

### The May 29, 2007 Memorandum Order

11. The Court entered a Memorandum Order denying the United States' motion to dismiss the Petition to Quash the Paine Webber/UBS summons for lack of subject matter jurisdiction on May 29, 2007 (docket No. 9).

12. In pertinent part, the Memorandum Order states: "Because the respondent's opposition to the petition does not contain any argument on the merits of the petition, the respondent may refile a motion on the merits of the matter on or before June 1, 2007." (Memorandum Order 3.)

13. In accordance with the Memorandum Order, the United States moves the Court to dismiss the Petition to Quash with prejudice. For the reasons stated below, the Court should grant the United States' motion to dismiss.

### ARGUMENT

**Because the Paine Webber/UBS Summons Was Validly Issued in Accordance with Law, the Court Should Dismiss Dr. Gerber's Petition to Quash the Summons.**

14. To establish that the Paine Webber/UBS summons is valid, the United

3

2490155.1

States must show that (1) the IRS is conducting the investigation for a legitimate purpose; (2) that the inquiry may be relevant to that purpose; (3) that the information sought is not already in the government's possession; and (4) the IRS has followed the administrative steps required by the Internal Revenue Code. United States v. Powell, 379 U.S. 48, 57-58 (1964). Upon establishing these four elements, the United States is entitled to judicial enforcement of the summons. United States v. Stuart, 489 U.S. 353, 353-54 (1989).

15. The United States' burden of establishing a *prima facie* case for enforcing the Paine Webber/UBS summons "is a slight one, for the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted." United States v. Judicial Watch, Inc., 371 F.3d 824, 829 (D.C. Cir. 2004) (internal quotation omitted).[2]

16. Agent Buck's declaration, submitted herewith, meets the United States' initial burden under Powell, 379 U.S. at 57-58. Judicial Watch, 371 F.3d at 829 (examining agent's declaration "discharged the slight burden placed upon the IRS") (citing United States v. Kis, 658 F.2d 526, 536 (7th Cir. 1981)).[3] To be specific, Agent Buck attests to the following:

(A) The IRS is conducting an investigation of Dr. Gerber, and taxable income he received during the tax years 1999, 2000, 2001, 2002, 2003, 2004, and 2005. (Buck Decl. ¶ 2.) Congress authorized the

---

2 See also United States v. Insurance Consultants of Knox, Inc., 187 F.3d 755, 759 (7th Cir. 1999) ("The Powell requirements impose only a 'minimal burden' on the agency."); United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993) ("government's burden is a slight one"); Alphin v. United States, 809 F.2d 236, 238 (4th Cir. 1987) (burden "is fairly slight because this is a summary proceeding").

3 See also Conner v. United States, 434 F.3d 676, 680 (4th Cir. 2006); Sylvestre v. United States, 978 F.2d 978 F.2d 25, 26 (1st Cir. 1992); Dynavac, 6 F.3d at 1414; United States v. Medlin, 986 F.2d 463, 466 (11th Cir. 1993); PAA Mgmt., Ltd. v. United States, 962 F.2d 212, 219 (2d Cir. 1992).

4

2490155.1

Commissioner of Internal Revenue and his agents to conduct such investigations as are needed to administer and enforce the Internal Revenue Code. 26 U.S.C. §§ 7601, 7602, 7801, 7804. Ascertaining whether Dr. Gerber fully and accurately reported his income for the years 1999 through 2005 is, by definition, a legitimate purpose.

(B) Agent Buck's inquiry is clearly relevant to that purpose, because the records sought by the Paine Webber/UBS summons are necessary to determine Dr. Gerber's taxable income and corresponding tax liability for the years 1999 through 2005. (Buck Decl. ¶ 9.)[4]

(C) The information sought is not already in the government's possession. (Buck Decl. ¶ 7-8.)

(D) Upon issuing the Paine Webber/UBS summons, the IRS followed the administrative steps prescribed by the Code. (Buck Decl. ¶ 10.)

17. Further, there is no "Justice Department referral," within the meaning of 26 U.S.C. §7602(d)(2), in effect with respect to Dr. Gerber. (Buck Decl. ¶ 11.)[5]

18. Because the foregoing undisputed facts establish a *prima facie* case for enforcing the Paine Webber/UBS summons, Dr. Gerber cannot prevail unless he meets the "heavy" burden of "disprov[ing] the actual existence of a valid civil tax determination or collection purpose by the Service." United States v. LaSalle Nat'l Bank, 437 U.S. 298, 316 (1978). To satisfy this burden, Dr. Gerber must allege and prove specific facts showing that "enforcement of the summons would be an abuse of the

---

[4] See United States v. Arthur Young & Co., 465 U.S. 805, 814 (1984) (IRS may use summons "to obtain items of even *potential* relevance to an ongoing investigation" and "therefore should not be required to establish that the documents it seeks are actually relevant in any technical, evidentiary sense") (emphasis in original).

[5] An IRS summons may not be issued or judicially enforced when such a referral is in effect. 26 U.S.C. § 7602(d)(1).

2490155.1

court's process" because "the summons [was] issued for an improper purpose, such as to harass the taxpayer." Judicial Watch, 371 F.3d at 829.[6] Dr. Gerber has not met this burden.

19. Dr. Gerber has submitted no affidavit or other competent evidence suggesting that the IRS issued the Paine Webber/UBS summons for an improper purpose. In fact, nowhere in his petition does Dr. Gerber even *allege* any improper purpose on the part of the IRS. Accordingly, the Court should dismiss the Petition to Quash with prejudice. Stuart, 489 U.S. at 360-61.

20. Dr. Gerber urges contends that the information sought by the Paine Webber/UBS summons relating to the 1999, 2000, and 2001 tax years "is ostensibly outside the statute of limitations under Code § 6531 and not relevant to any potential penalty which could be asserted by the IRS." (Gerber Pet. ¶ 5(d).) Dr. Gerber is wrong.

21. Simple arithmetic instructs that the six-year statute of limitations on tax offenses under 26 U.S.C. § 6531 remains open for 1999.[7] As noted, the IRS is investigating whether Dr. Gerber properly reported his taxable income and corresponding tax liabilities for the years 1999 through 2005. (Buck Decl. ¶¶ 2, 9.) The offense of willful tax evasion under 26 U.S.C. § 7201 "is complete when the taxpayer files a false and fraudulent return with intent to evade or defeat any part of the tax

---

6 See also United States v. Insurance Consultants of Knox, Inc., 187 F.3d 755, 759 (7th Cir. 1999) ("The taxpayer can rebut the government's prima facie case only by alleging 'specific facts' in rebuttal.") (quoting Crystal v. United States, 172 F.3d 1141, 1144 (9th Cir. 1999)); United States v. Derr, 968 F.2d 943, 945 (9th Cir. 1992) ("Enforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses."); United States v. White, 853 F.2d 107, 111 (2d Cir. 1988) ("the taxpayer's burden of proof to establish that enforcement would be improper is significantly greater than the burden on the government to show a legitimate purpose"); United States v. Kis, 658 F.2d 526, 535 (7th Cir. 1981) (noting taxpayer's "extraordinarily heavy burden" to rebut IRS's *prima facie* case).

7 Section 6531 of the Internal Revenue Code provides that offenses involving tax fraud or willful tax evasion must be prosecuted within six years after the offense is committed. 26 U.S.C. § 6531.

due." Swallow v. United States, 307 F.2d 81, 83 (10th Cir. 1962); see also Sansone v. United States, 380 U.S. 343, 354 (1965); United States v. Callanan, 450 F.2d 145, 147 (4th Cir. 1971); United States v. Dawson, 400 F.2d 194, 202 (2d Cir. 1968) ("the crime of income tax evasion occurs when the return is filed").

22. For the purposes of determining the periods of limitations for criminal prosecutions, any income tax return filed before it was due is deemed to have been filed on the last day for filing such return. See 26 U.S.C. §§ 6531 [ultimate sentence], 6513(a). Therefore, Dr. Gerber's 1999 return was due no later than April 15, 2000, see 26 U.S.C. § 6072(a), and accordingly, the six-year statute of limitations began to run on that date and would not have expired, under any circumstances, before April 15, 2006. It perforce follows that the six-year limitations period under § 6531 remained open when Agent Buck served the Paine Webber/UBS summons on January 10, 2006. Further, Dr. Gerber's petition to quash the summons, filed January 30, 2006, suspended the running of the limitations period under § 6531. 26 U.S.C. § 7609(e)(1). Consequently, Dr. Gerber has not met his burden of showing that the six-year statute of limitations under § 6531 has expired for 1999.

23. On similar reasoning, the six-year statute of limitations under § 6531 clearly remains open for the 2000 and 2001 tax years.

24. Moreover, if Dr. Gerber's 1999, 2000, and/or 2001 federal income tax returns were false or fraudulent, or Dr. Gerber willfully attempted to defeat or evade his tax liability for 1999, 2000, and/or 2001, the Commissioner has an unlimited time in which to pursue civil assessment and collection of any tax owed by Dr. Gerber for 1999, 2000, and/or 2001, as the case may be. 26 U.S.C. §§ 6501(c)(1), (c)(2).

25. Dr. Gerber's groundless speculation about the statute of limitations does not render the summons unenforceable with respect to the 1999, 2000, and 2001 tax years. Rejecting such an argument, one district court explained:

7

2490155.1

> Conner next argues that the court should quash the summonses based on the six-year statute of limitations of 26 U.S.C. § 6531. This argument, too, is misplaced because § 6531 in no way prevents the government from seeking potentially relevant evidence for use in a criminal tax investigation. Section 6531 only protects a taxpayer from being "prosecuted, tried, or punished" for an offense falling outside the six-year period. Nothing in the statute suggests that the section limits the government's ability to pursue relevant evidence for use in an otherwise proper investigation. See 26 U.S.C. § 6531. Thus, the IRS may pursue even that evidence which only has the potential to be relevant. See United States v. Arthur Young & Co., 465 U.S. 805, 817, 104 S.Ct. 1495, 79 L. Ed.2d 826 (1984).
>
> Here, though Section 6531 may affect the government's ability to prosecute Conner for his conduct in 1996, the only year falling outside the six-year period in Conner's case, *it in no way prohibits the government from seeking access to Conner's financial records from 1996, from which the government might permissibly glean relevant information regarding Conner's tax-related activities in successive years.* See Arthur Young & Co., 465 U.S. at 817. Therefore, the court rejects this argument and denies any discovery or further discussion in relation to it.

Conner v. United States, 2004 WL 1946377, *4-5 (W.D. Va. 2004) (emphasis added).

26. Here, even assuming the civil and criminal statutes of limitations for the 1999, 2000, and 2001 tax years had expired (and they have *not*), these limitation periods obviously remain open for the 2002 through 2005 tax years. Because financial records dating from 1999, 2000, and 2001 may shed light on whether Dr. Gerber has correctly reported his taxable income for the years 2002 through 2005, the Paine Webber/UBS summons is enforceable with respect to 1999, 2000, and 2001. Arthur Young, 465 U.S. at 814 (IRS may use summons "to obtain items of even *potential* relevance to an ongoing investigation") (emphasis in original); Conner, 2004 WL 1946377 at *5; cf. United States v. Shavin, 320 F.2d 308, 314 (7th Cir. 1963) (income tax return for prior year not at issue in criminal tax case was admissible to show taxpayer's intent to commit tax fraud).

27. The United States by no means asks the Court to find that Dr. Gerber has filed any false income tax return or committed any federal tax offense. But the very purpose of the IRS investigation, including the Paine Webber/UBS summons, is to determine whether Dr. Gerber has complied with the federal tax law for the years 1999

through 2005. Dr. Gerber cannot throw up the statute of limitations as a roadblock to making that threshold determination for 1999, 2000, and 2001. Therefore, the Court should reject Dr. Gerber's baseless claim that the statute of limitations renders the Paine Webber/UBS summons unenforceable with respect to the 1999, 2000, and 2001 tax years.

28. Dr. Gerber avers that the Paine Webber/UBS summons is "overly broad" because it supposedly "seeks records from entities . . . well beyond those which 'may be relevant or material' to [Dr. Gerber's] tax liability." (Gerber Pet. ¶ 5(a).) This contention lacks merit.

29. In the first place, the IRS has negated any overbreadth question by narrowing the scope of the Paine Webber/UBS summons to eliminate three legal entities in which it appears that Dr. Gerber has no interest. (Buck Decl. ¶ 8.)

30. The Paine Webber/UBS summons seeks financial records relating to a number of listed corporations, partnerships, and other entities in which Dr. Gerber is believed to hold interests, namely, Grey Diamond Marketing, Inc., Black Pearl, LLC, Dark Amethyst, LLC, Emerald Cabochon, Ltd., Jewel of the Isles, Ltd., Seely Enterprises, Ltd., Highwood Point Technologies, Ltd., Tropical Behavior Evaluation Foundation, and Au Panache, Ltd.[8] (Buck Decl. ¶ 8; Ex. A at 3.)

31. The foregoing entities relate to Dr. Gerber's dealings with Merrill Scott & Associates, Ltd. ("MSA"), a Salt Lake City, Utah, investment firm. In January, 2002, the Securities and Exchange Commission ("SEC") brought a receivership action against MSA, <u>SEC v. Merrill Scott & Associates, Ltd., et al.</u>, Civil No. 2:02cv0039 (D. Utah) (the "MSA Receivership"). (Gerber Pet. ¶¶ 6(b), 6(d).)

---

[8] As noted, the IRS has determined that records relating to three entities listed in the summons, Web Services, Ltd., Physician's Management Services, Ltd., and New Partnership, are unnecessary at this time and, therefore, the IRS is narrowing the January 10, 2006 summons to exclude these three entities. (Buck Decl. ¶ 8.)

9

2490155.1

32.  Seeking to distance himself from the MSA Receivership and the MSA-related entities listed in the Paine Webber/UBS summons, Dr. Gerber has submitted to the Court a sworn declaration dated January 26, 2006 (the "Gerber Declaration" or "Gerber Decl."). Therein, Dr. Gerber states:

> 8. I have neither a legal nor an equitable interest in the following entities:
>
> Grey Diamond Marketing, Inc.
>
> Black Pearl, LLC
>
> *Dark Amethyst, LLC*
>
> Emerald Cabachon [sic], Ltd.
>
> *Jewel of the Isles, Ltd.*
>
> Seely Enterprises, Ltd.
>
> High Point Technologies, Ltd.
>
> *Au Panache, Ltd. . . .*
>
> 9. To the best of my knowledge, each of the above entities was created and owned by Merrill Scott & Associates and/or one or more of its principals, and/or Gibraltar Permanente Assurance, Ltd.

(Gerber Decl. ¶¶ 8-9; emphasis added.)[9]

33.  Having disavowed any "legal or equitable interest" in the MSA-related entities, Dr. Gerber attacks the Paine Webber/UBS summons on relevance grounds, arguing that "[t]ransactions by these entities can have no possible relevance to the tax liability of Dr. Gerber for any of the years in question." (Gerber Pet. ¶ 6(c).) But Dr. Gerber's litigation position and statements in the MSA Receivership flatly contradict his

---

[9] In an apparent misnomer, the Gerber Declaration refers to "High Point Technologies Ltd.," rather than " Highwood Point Technology, Ltd." Additionally, the Gerber Declaration does not mention Tropical Behavior Evaluation Foundation, listed in the summons.

representations to this Court.

34. To explain, in the MSA Receivership, Dr. Gerber terms himself a "Property Owner" and asserts that he, not MSA, has "beneficial ownership" of the "Gerber Entities," including but not limited to Dark Amethyst, LLC, Au Panache, Ltd., and Jewel of the Isles, Ltd. (Declaration of Richard G. Jacobus, dated March 20, 2006, at ¶ 4; Exhibit 1 thereto at 3 (Gerber claim that he has "beneficial ownership" of Dark Amethyst, LLC and other MSA-related entities); id. at 5, ¶ 15 (Gerber claim that Gerber Entities, including Dark Amethyst, LLC, Au Panache, Ltd., and Jewel of the Isles, Ltd., were formed by MSA "for his benefit and use"); id. at 5, ¶¶ 17-20 (Gerber claims regarding his beneficial ownership of Gerber Entities); id. at 17 (Gerber claim that he, not MSA, has "ultimate control" over assets held by Gerber Entities); Exhibit 2 thereto at 1 (Gerber terming himself a "Property Owner").)

35. Moreover, it appears that Dr. Gerber has taken affirmative steps in the MSA Receivership to preclude the disclosure of his personal financial information to most governmental agencies, including the IRS. On December 8, 2004, Dr. Gerber and other "Property Owners" filed an objection to a protective order entered that day in the MSA Receivership by the U.S. District Court for the District of Utah. (Jacobus Decl. at Ex. 2.) Specifically, the protective order allowed the SEC and the court-appointed Receiver to disclose personal financial information of Dr. Gerber and the other Property Owners to "any other department or agency of the federal government." At the request of Dr. Gerber and the other Property Owners, the court entered another order on December 21, 2004, amending the December 8, 2004 protective order to limit any disclosure of such information to the "United States Attorney's Office for the District of Utah." (Jacobus Decl. at Ex. 3, page 2.)

36. Dr. Gerber's inconsistent and misleading statements regarding his ownership of the MSA-related entities, as between the instant proceeding and the MSA

2490155.1

Receivership, underscore the relevance of the information sought by the Paine Webber/UBS summons, and the need to allow the IRS to continue its investigation unimpeded, using the summons power granted by Congress. 26 U.S.C. § 7602(a).

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court dismiss with prejudice Dr. Gerber's petition to quash the IRS summons issued to Paine Webber/UBS on January 10, 2006, in accordance with the proposed Order submitted herewith.

DATE: June 1, 2007.

          Respectfully submitted,

          /s/ Richard G. Jacobus
          RICHARD G. JACOBUS
          D.C. Bar No. 462053
          Trial Attorney, Tax Division
          U. S. Department of Justice
          Post Office Box 227
          Ben Franklin Station
          Washington, DC 20044
          Telephone: (202) 616-0553
          Richard.G.Jacobus@usdoj.gov
          Counsel for the United States

Of counsel:

JEFFREY A. TAYLOR
United States Attorney