IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD GERBER, )
)
Petitioner, )
)
v. ) Case No. 1:06-mc-00032-RMU
) Case no. 1:05MS00516
)
UNITED STATES OF AMERICA, ) Hon. Ricardo M. Urbina
)
Respondent. )

**MEMORANDUM OF POINTS AND AUTHORITIES OF RICHARD GERBER IN OPPOSITION TO THE UNITED STATES' RESPONSE TO SUPPLEMENTAL MEMORANDUM OF RICHARD GERBER, AND IN SUPPORT OF MOTION BY PETITIONER FOR AN ORDER REQUIRING THE GOVERNMENT TO RETURN ALL MATERIALS OBTAINED PURSUANT TO SUMMONSES ISSUED TO PAINE WEBBER AND ROSENAU & ROSENAU AND FOR ATTORNEYS FEES PURSUANT TO 26 U.S.C. SECTION 7340.**

Curtis, Mallet-Prevost, Colt & Mosle, LLP
1200 New Hampshire Ave., N.W.
Washington, D.C. 20036
Samuel Rosenthal (DC Bar No. 329516)
srosenthal@cm-p.com
(202) 452-7340

Rosenau & Rosenau
1304 Rhode Island Ave., N.W.
Washington, D.C. 20009
(202) 387-8680
Kenneth.Rosenau@rosenaulaw.com

Counsel for Petitioner
Richard Gerber

**Table of Contents**

**Page #**

**PRELIMINARY STATEMENT** .................... **1**

A. The SEC Investigation and Protective Orders .................... 2

B. The IRS Summonses and the Petitions to Quash .................... 2

C. The Government's Belated About Face In The Summons Enforcement Action .................... 4

**ARGUMENT** .................... **5**

I. THE CASE IS NOT MOOT SIMPLY BECAUSE THE GOVERNMENT HAS WITHDRAWN ONE OF THE SUMMONSES .................... 5

A. Under the Supreme Court's Decision in the *Church of Scientology*, this Matter is Not Moot .................... 5

B. This Court Has Authority to Issue Relief Notwithstanding the Fact that the Court Previously Found the Rosenau & Rosenau Summons Was Moot .................... 6

II. PETITIONER IS ENTITLED TO ATTORNEYS FEES UNDER 26 U.S.C. 7340 .................... 7

**CONCLUSION** .................... **9**

# Table of Authorities

## Cases

*Church of Scientology v. Zolin*,
506 U.S. 9, 113 S.Ct. 447 (1992) ........ 1, 6, 7

*Donlon I Dev.Corp. v. United States*,
830 F.Supp. 1315 (C.D.Cal. 1993) ........ 9

*Pacific Fisheries Inc. v. United States*,
484 F.3d 1103 (9th Cir. 2007) ........ 8

## State Statute

26 U.S.C. § 7340 ........ 1

26 U.S.C. § 7602(d) ........ 4

26 U.S.C. 7340 ........ 8

## Rules

Fed.R.Civ.P. 60(b) ........ 9

Petitioner Richard Gerber, by counsel, respectfully submits this Memorandum of Points and Authorities in opposition to the United States' Response to Supplemental Memorandum of Richard Gerber in Support of Petition to Quash IRS Summons, or in the Alternative, to Request Discovery. This Memorandum is submitted also in support of Petitioner's Motion for An Order Requiring the IRS To Return All Materials Obtained Pursuant to Summonses Issued to Paine Webber and Rosenau & Rosenau, And For Attorneys Fees Pursuant to 26 U.S.C. Section 7340.

**PRELIMINARY STATEMENT**

Petitioner previously demonstrated that the IRS had violated 26 U.S.C. § 7602 and protective orders issued by the Federal Court in the District of Utah. In response, the Government has now withdrawn the summons issued to Paine Webber, and now seeks a ruling by this Court that the matter is now "moot." As explained below, any such request conflicts directly with the Supreme Court's holding in *Church of Scientology v. Zolin*, 506 U.S. 9, 113 S.Ct. 447 (1992). The matter is not moot as long as there still exists relief that may be granted by the Court to remedy such violations. Petitioner here is entitled to such relief. Under the explicit holding of *Church of Scientology*, petitioner is entitled not only to an order awarding him attorneys fees, but he is also entitled to have the Court order the Government to return all summonsed documents to him.

Congress has determined also that where, as here, a party is successful in litigating a summons issued by the IRS, that party has a right to attorneys fees as long as the Government's position was not substantially justified. No possible claim can be made here that the Government's position was substantially justified or that Petitioner has not prevailed in his Petition.

Because the facts are set forth in Petitioner's Supplemental Memorandum in support of his Petition to quash, we have summarized such facts only briefly below.

A. **The SEC Investigation and Protective Orders**.

In 2001, the Securities and Exchange Commission ("SEC") commenced an investigation into a scheme by Merrill Soctt & Assoc. ("MSA") to defraud Dr. Gerber and other clients of MSA. The SEC complaint against MSA set forth the "ponzi scheme" by MSA to defraud investors, including Gerber. See MSA Complaint, para. 41-44.

After a receiver was appointed at the request of the SEC, he began taking testimony from the victim-clients of MSA. A Protective Order was obtained prior to Dr. Gerber's deposition. See Rosenthal 7/30 Dec., para. 4. By its explicit terms, that Order expressly prohibited the Government (or anyone else for that matter) from making any use of the deposition testimony or materials produced by Dr. Gerber for any purpose other than the SEC's prosecution of any action against MSA. Id. A second Protective Order was obtained in December, 2004. On December 8, 2004, the court entered an order striking out any language that would have allowed the receiver or SEC to share documents with "any other department or agency of the federal government." Id., para. 8.

Notwithstanding the presence of two Protective Orders, Dr. Gerber's transcript was shared almost immediately with at least one Justice Department attorney assisting the IRS in its own investigation of MSA affairs, and possibly the IRS. See Rosenthal 7/30 Dec., para. 14-15. Evidently engaging in a joint investigation with the IRS, the Department of Justice concluded that Gerber was a "target" of its criminal investigation.

B. **The IRS Summonses and the Petitions to Quash**.

Using Gerber's deposition for precisely the purpose prohibited by the Protective Orders, beginning in 2006, the IRS then issued a spate of administrative summonses for records claimed by the IRS to belong to Gerber. These summonses included the following:

- December 2, 2005 summons to Rosenau & Rosenau

- January 10, 2006 summons to Paine Webber
- January 11, 2006 summons to US Bank Corp., N.A.
- June 6, 2006 summons to Wells Fargo Bank, N.A.
- June 8, 2006 summons to Key Bank, N.A.

On December 20, 2005, Petitioner filed a Petition to quash the Rosenau & Rosenau summons. In response, on March 30, 2006, the Government filed a "Response to Petition to Quash IRS Summons and Counterclaim for Enforcement of Summons." See Rosenthal 8/15 Dec. Ex. A. It also filed a Declaration of Special Agent Ken Buck, representing that there was no criminal referral, and further that the summons was sought for a legitimate purpose. See Rosenthal 8/15 Dec., Ex. B. Special Agent Buck represented that "[a]s of the date of this Declaration, there is no 'Justice Department referral,' within the meaning of 26 U.S.C. § 7602(d) in effect with respect to Dr. Gerber." The Government subsequently advised, on August 22, 2006, that it had obtained compliance from Rosenau & Rosenau, and that the summons was therefore moot. See Rosenthal 8/15 Dec., Ex. C.

On January 30, 2006, Dr. Gerber moved before this Court to quash the Paine Webber and U.S. Bank summonses. In response to Dr. Gerber's petition to quash, the Government once again claimed, among other things, that the investigation was for a proper purpose and had not been filed in bad faith. The Government also claimed that it had complied with 26 U.S.C. § 7602, which prohibits the use of an IRS summons while a criminal referral to the Department of Justice is in effect. The Government again relied on the Declaration of IRS Special Agent Ken Buck, who represented that there was "no 'Justice Department referral,' within the meaning of 26 U.S.C. § 7602(d) , in effect with respect to Dr. Gerber" ... and "the IRS is not delaying such a recommendation in order to collect additional information." Buck Declaration, para. 11, annexed to United States Petition to Dismiss Petition to quash IRS Summons.

On September 14, 2006, this Court denied Petitioner's Petition to quash the U.S. Bank summons on the ground that this Court lacked jurisdiction over the action by virtue of the location of the bank in Minneapolis.[1] On May 29, 2007, the Court issued a second Order, dismissing the Petition to quash the U.S. Bank summons, but refused to dismiss the petition directed at the Paine Webber UBS. Referring to the Paine Webber summons, the Court held that the Government could refile a response on the merits of the matter on or before June 1, 2007.

In its response on June 1, 2007, the Government again represented:

> **At this time there is no "Justice Department referral," within the meaning of 26 U.S.C. § 7602(d) , in effect with respect to Dr. Gerber.** . . . and the IRS is not delaying such a recommendation in order to collect additional information.

Gov't Memo, para. 9 (emphasis added).

### C. The Government's Belated About Face In The Summons Enforcement Action.

On July 30, 2007, Petitioner requested permission to file a supplemental memorandum, demonstrating a violation of both the two protective orders issued in the MSA case, as well as 26 U.S.C. Sec. 7602, prohibiting the Government from using the summons enforcement authority after a criminal referral has occurred. Petitioner also relied on the Declaration of Petitioner's counsel, who demonstrated that the Department of Justice did consider Petitioner to be a target of the criminal investigation and that material covered by the protective orders in Utah had been reviewed as part of a criminal investigation, contrary to the representations made to this Court by the IRS. Instead of disputing the existence of such violations, on August 9, 2007, the Government filed a statement with the Court that it was withdrawing its summons issued to Paine Webber, and asking that the case be deemed "moot."

[1] In light of the Court's finding that it had no jurisdiction as to the U.S. Bank summons, we are not requesting any relief as to that summons.

## ARGUMENT

### I. THE CASE IS NOT MOOT SIMPLY BECAUSE THE GOVERNMENT HAS WITHDRAWN ONE OF THE SUMMONSES.

The Government's response to Petitioner's Supplemental filing, showing violations of both 26 U.S.C. § 7602 and the Protective Orders issued by the federal court in Utah, was to withdraw the summons issued to Paine Webber. The Government followed such action with a request filed on August 9, 2007 to have the Court declare the case "moot." Any such request is squarely contrary to the Supreme Court's decision in *Church of Scientology*, supra. That case makes clear that the case is not moot as to either the summons issued to Paine Webber or the summons issued to Rosenau & Rosenau. Both summonses were based on representations made to the Court by the Government, which the Government now has evidently retracted. The Government therefore has no right to take advantage of either summons, and should be ordered to return all documents obtained based on either summons.

#### A. Under The Supreme Court's Decision in *Church of Scientology*, this Matter is Not Moot.

In *Church of Scientology*, *supra*, the IRS had issued a summons relating to an IRS investigation of the taxpayer. While the parties were litigating the propriety of seeking tape recordings allegedly covered by the attorney-client privilege, there was compliance with the IRS summons. As the Government has done here, it then applied to the Court for a determination that the mater was moot as a result of such compliance. After the Court of Appeals concluded that the matter was in fact moot, the Supreme Court vacated that decision and remanded the matter, finding that the matter was not moot. The Supreme Court held that mootness depended on

> traditional principles of justiciability, namely, whether an intervening event [namely the compliance with the summons] has rendered the controversy moot. And, as we have already explained, this case is not moot because if the summons were improperly issued or enforced a court could order that the IRS' copies of the tapes be either returned or destroyed.



3846018v2

506 U.S. at 15; 113 S.Ct. at 451.

The same is true here. It is clear from the Government's previous status order that Rosenau & Rosenau previously complied with the IRS summons only after the Government filed a Memorandum on March 30, 2006, as well as a Declaration of Special Agent Ken Buck, dated March 17, 2006. Those 2006 filings contained the identical representations offered by the Government in its Motion to Enforce the Paine Webber summons, and which the Government withdrew after Petitioner filed his Supplemental Memorandum of Points and Authorities. In fact, the Buck Declaration was actually attached to the Government's motion in support of the Paine Webber summons, and which contained misrepresentations as to the status of the IRS investigation.

Under the explicit holding in *Church of Scientology*, supra, the Rosenau & Rosenau summons was therefore not mooted by virtue of that firm's compliance. This Court can (and should) order the Government to return all documents provided to the IRS in response to that summons. Additionally, to the extent that Paine Webber has complied with the summons issued to it, the same relief would be appropriate.

**B. This Court Has Authority to Issue Relief Notwithstanding the Fact that the Court Previously Found the Rosenau & Rosenau Summons Was Moot.**

Petitioner's right to effective relief because of the Government's violation is not barred simply because the Court issued an Order on September 14, 2006, finding that the Rosenau & Rosenau summons was mooted by Rosenau & Rosenau's compliance with that summons. The Court issued that Order based on a status report filed by the Government on August 22, 2006, advising that the summons was moot by virtue of Rosenau & Rosenau's compliance. Earlier, on March 30, 2006, the IRS claimed that it had obtained compliance with certain other portions of the summons "by other means."[2]

[2] The Government should be ordered to identify what "other means" were used, in order to ensure that the Government did not use the summonses in some other improper way.

We are unaware of any Judgment entered by the Court finally disposing of the Rosenau & Rosenau summons, and, clearly, the Court has not even issued an Order on the Government's request for dismissal of Gerber's Petition as to the Paine Webber summons. As the Court consolidated both cases on the Government's motion for such relief, see Rosenthal Aff., Ex. E, both summons are presently before the Court.

Moreover, the Court can also issue relief not only as to the Paine Webber summons, but also as to the Rosenau & Rosenau summons under Fed.R.Civ.P. 60(b). Even if this Court had finally disposed of the Rosenau & Rosenau summons, subsections (2) and (3) of rule 60(b) allow Petitioner to seek relief within one year from a final judgment where there is newly discovered evidence or fraud. The Court need not determine whether there has been fraud because there is no question that Petitioner's counsel was provided with newly discovered evidence bearing on the summons enforcement action as recently as August, of this year, as reflected in the Rosenthal Declaration previously filed with this Court.

## II. PETITIONER IS ENTITLED TO ATTORNEYS FEES UNDER 26 U.S.C. 7340.

Having successfully resisted enforcement of the IRS' summons, Petitioner is entitled also to an award of attorneys fees pursuant to 26 U.S.C. 7340. Each of the statutory elements required for such an award have been satisfied.

Section 7340 is applicable to petitions to quash an IRS summons. *Pacific Fisheries Inc. v. United States*, 484 F.3d 1103 (9th Cir. 2007). That statute allows an award where it can be shown that the party seeking such an award (1) was successful in the litigation; and (2) the Government's position was not "substantially justified." Both requirements are satisfied.

First, where, as here, the Petitioner defeated enforcement of an IRS summons as a result of its filing of a motion to quash, the petitioner must be found to have been successful in the litigation. See *Pacific Fisheries*, 484 F.3d at 1107 (finding that "the taxpayers prevailed on the

most significant issue because they received the relief they sought all along – the IRS withdrew the summonses"), citing *Donlon I Dev.Corp. v. United States*, 830 F.Supp. 1315, 1317 n.1 (C.D.Cal. 1993)(noting that when the IRS withdrew a summons before moving to dismiss a petition to quash, the government conceded that the petitioner prevailed with respect to the most significant issue").

Finally, the Government would be hard pressed to claim that it was "substantially justified" in filing multiple declarations, contending that there was no referral to the Department of Justice, and it was for a "legitimate" purpose, when the true facts were obviously to the contrary. The Government could not possibly have been "substantially justified" in representing that the summonses should be enforced because they were being issued for a "legitimate purpose," namely a civil purpose allowed by 26 U.S.C. § 7602. Nor can the Government claim that it was substantially justified in even issuing the summonses, much less seeking enforcement, based on documents and testimony obtained in clear violation of the protective orders entered in the MSA case.

Here, an award of attorneys fees is justified.

## CONCLUSION

The Court should Order the Government to return all documents obtained from Paine Webber and/or Rosenau & Rosenau. The Court should also award attorneys fees to Petitioner.

Washington, D.C.
August 15, 2007

Curtis, Mallet-Prevost, Colt & Mosle, LLP
1200 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 452-7340
srosenthal@cm-p.com

By [signature]
Samuel Rosenthal (DC Bar No. 329516)

Rosenau & Rosenau
Kenneth Rosenau
1304 Rhode Island Ave., N.W.
Washington, D.C. 20009
(202) 387-8680
Kenneth.Rosenau@rosenaulaw.com

Counsel for Petitioner Richard Gerber