IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RICHARD GERBER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:06-mc-00032-RMU |
| | ) | Case no. 1:05MS00516 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Hon. Ricardo M. Urbina |
| | ) | |
| Respondent. | ) | |

**DECLARATION OF SAMUEL ROSENTHAL IN SUPPORT OF PETITIONER'S MOTION FOR AN ORDER REQUIRING THE GOVERNMENT TO RETURN ALL MATERIALS OBTAINED PURSUANT TO SUMMONSES ISSUED IN VIOLATION OF 26 U.S.C. SECTION 7602 AND PROTECTIVE ORDERS, AND FOR ATTORNEYS FEES PURSUANT TO 26 U.S.C. SECTION 7340.**

**Pursuant to 28 U.S.C. §1746(1) Samuel Rosenthal declares as follows:**

1.     I am an attorney licensed to practice in the District of Columbia.   I have been retained to represent Petitioner, Dr. Richard Gerber.   Except as otherwise indicated below, this affidavit is based on my review of the filings in this litigation.

2.     Attached as Exhibit A is a true copy of the United States' Opposition to Petition to Quash IRS Summons and Counterclaim for Enforcement of Summons filed by the Government on March 30, 2006.

3.     Attached as Exhibit B is a true copy of the Declaration of Kenneth L. Buck dated March 17, 2006.

4.     Attached as Exhibit C is a true copy of the United States' Status Report Regarding IRS Summons Enforcement Proceedings, filed August 24, 2006.

5.     Attached as Exhibit D is a true copy of the Government's Rule 42 Motion to Consolidate, filed February 6, 2006.

6. I declare under penalty of perjury that the foregoing is true and correct.

Samuel Rosenthal

3800317v3

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD GERBER,                    )
                                   )
            Petitioner,            )
                                   )
      v.                           )    Case No. 1:05-mc-00516-RMU
                                   )
UNITED STATES OF AMERICA,          )    Hon. Ricardo M. Urbina
                                   )
            Respondent.            )

## UNITED STATES' RESPONSE TO PETITION TO QUASH IRS SUMMONS AND COUNTERCLAIM FOR ENFORCEMENT OF SUMMONS

For the reasons set forth below, the Court should dismiss Petitioner Richard Gerber's Petition to Quash an Internal Revenue Service summons issued to Rosenau and Rosenau, filed December 20, 2005 (docket No. 1), including Petitioner's Supplemental Memorandum of Points and Authorities, filed March 3, 2006 (docket No. 7), and enter an order enforcing the summons against Rosenau and Rosenau.

### BACKGROUND

1.    Kenneth L. Buck, a Special Agent employed by the Criminal Investigations Division of the Internal Revenue Service ("IRS"), is conducting an investigation of Petitioner, Dr. Richard Gerber, and taxable income he received during the tax years 1999, 2000, 2001, 2002, 2003, 2004, and 2005. (Declaration of Kenneth L. Buck, dated March 17, 2006 ("Buck Decl."), at ¶¶ 1-2.)

### The Rosenau Summons

2.    On December 2, 2005, in furtherance of the above referenced investigation and in accordance with 26 U.S.C. § 7602, Agent Buck issued an administrative summons, IRS Form 2039, to to Rosenau and Rosenau, 1304 Rhode Island Avenue, N.W., Washington, D.C. 20005, for records and documents described in an attachment to the summons. (Buck Decl. ¶ 3, and Exhibit A thereto.) In accordance with 26 U.S.C.

§ 7603, Agent Buck served an attested copy of the summons by handing it to Kenneth Rosenau of Rosenau and Rosenau, who stated that he was authorized to receive process, on December 2, 2005, as evidenced by paragraph 1 of the summons certificate of service. (Buck Decl. ¶ 4; Ex. A at 3.)

3.      On December 2, 2005, in accordance with 26 U.S.C. § 7609(a), Agent Buck also mailed notice of the summons to Dr. Gerber and to Arthur Boelter, Gerber's attorney in connection with the tax investigation, by certified mail to their last known addresses, as evidenced by paragraph 4 of the summons certificate of service and the certified mail receipts reproduced in Exhibit A hereto. (Buck Decl. ¶ 5; Ex. A at 3-4.)

4.      On December 20, 2005, Dr. Gerber filed a petition to quash the December 2, 2005 summons issued to Rosenau and Rosenau with the U.S. District Court for the District of Columbia, Case No. 1:05-mc-00516-RMU. (Buck Decl. ¶ 6.)

5.      The time for appearance stated on the summons was January 3, 2006 at 10:00 a.m. (Ex. A at 1.) Rosenau and Rosenau has not responded. (Buck Decl. ¶ 7.)

6.      As set forth in the attachment thereto, the December 2, 2005 summons (the "Rosenau summons") seeks three categories of records and documents, as follows:

A. Records relating to legal or professional fees paid to you by or on behalf of Dr. Richard Gerber for legal services rendered, reflecting the amounts of each fee, the date paid, whether the payments were made by check or in cash, copies (front and back) of any checks. Records of any payments by you to others for the benefit of, or on behalf of Dr. Richard Gerber, including records disclosing the dates, amounts, method (cash or check) and copies (front and back) of the checks. All canceled checks, duplicate copies of bank or teller's checks or receipts for purchase of bank or teller's checks for these payments.

B. Any and all depositions or other statements made by Dr. Richard Gerber with accompanying exhibits.

C. Any and all records provided by Dr. Richard Gerber relating to his financial position including but not limited to net worth statements, financial statements, cash flow statements, supporting documents, memoranda, letters, notes, e-mails or other correspondence.

(Buck Decl. ¶ 8; Ex. A at 2.)

2

1619041.1

7.      Since issuing the summons on December 2, 2005, the IRS has obtained the second and third categories of documents sought from Rosenau and Rosenau by other means.  Therefore, the IRS is narrowing the scope of the Rosenau summons, and now seeks only the first category of records, relating to payments of Rosenau and Rosenau's legal fees by or on behalf of Dr. Gerber, and payments by Rosenau and Rosenau to third parties on Dr. Gerber's behalf.  This information is not already in the possession of the IRS.  (Buck Decl. ¶ 9.)

8.      The records and documents that the summons seeks from Rosenau and Rosenau are necessary to determine Dr. Gerber's taxable income and corresponding tax liability for the years 1999, 2000, 2001, 2002, 2003, 2004, and 2005.  (Buck Decl. ¶ 10.)

9.      All administrative steps required by the Internal Revenue Code for the issuance of the summons have been taken.  (Buck Decl. ¶ 11.)

10.      At this time there is no "Justice Department referral," within the meaning of 26 U.S.C. §7602(d)(2), in effect with respect to Dr. Gerber.  Specifically, the IRS has not made a recommendation to the U.S. Department of Justice for a grand jury investigation or criminal prosecution of Dr. Gerber for the tax periods under examination, and the IRS is not delaying such a recommendation in order to collect additional information.  Moreover, the Department of Justice has made no request under 26 U.S.C. § 6103(h)(3)(B) for the disclosure of any return or return information, as those terms are defined in § 6103(b), relating to Dr. Gerber.  (Buck Decl. ¶ 12.)

<u>Dr. Gerber's Motion to Consolidate</u>

11.      On January 30, 2006, Dr. Gerber filed a petition to quash another IRS summons issued by the IRS to Paine Webber/UBS (the "Paine Webber/UBS summons"), requesting that said firm produce certain financial records relative to Dr. Gerber.  The January 30, 2006 petition is docketed as Case No. 1:06-mc-00032-RJL, pending before Judge Leon.

3

1619041.1

12.     On February 6, 2006, Dr. Gerber filed a "Rule 42 Motion to Consolidate" in Cases Nos. 1:05-mc-00516-RMU (docket No. 3) and 1:06-mc-00032-RJL (docket No. 2).

13.     On February 14, 2006, the United States filed a response (docket No. 5), informing the Court that we do not oppose the requested consolidation of Cases Nos. 1:05-mc-00516-RMU and 1:06-mc-00032-RJL.  As of this date, the Court has not ruled on Dr. Gerber's Rule 42 Motion to Consolidate.[1]

### The US Bank Summons

14.     Dr. Gerber filed a Supplemental Memorandum of Points and Authorities in this matter on March 3, 2006 (docket No. 7) ("Gerber Supp. Memo").

15.     Dr. Gerber's Supplemental Memorandum of Points and Authorities appears to relate to a third IRS summons, issued to US Bank, N.A., Minneapolis, Minnesota, on or about February 8, 2006, by Agent Buck in connection with his investigation of Dr. Gerber's taxable income and corresponding tax liability for the years 1999, 2000, 2001, 2002, 2003, 2004, and 2005 (the "US Bank summons").

16.     With his Supplemental Memorandum of Points and Authorities, Dr. Gerber appears to seek assorted declaratory and injunctive relief, described more fully below, in an effort to impede the IRS investigation.

### ARGUMENT

The Court Should Dismiss the Petition and
Enforce the Summons Against Rosenau and Rosenau.

17.     In responding to Dr. Gerber's petition, the United States is entitled to counterclaim for enforcement of the Rosenau summons.  26 U.S.C. § 7609(b)(2)(A); Travis v. Miki, 394 F. Supp.2d 1277, 1280 (D. Hawaii 2005).  The Court has jurisdiction to enforce the Rosenau summons.  26 U.S.C. §§ 7402(b), 7604(a).  For the reasons set

---

1 On or about March 29, 2006, in Case No. 1:06-mc-00032-RJL, the United States moved to dismiss Dr. Gerber's petition to quash the Paine Webber/UBS summons for lack of subject matter jurisdiction.  As of this date, the Court has not ruled on the United States' motion to dismiss Case No. 1:06-mc-00032-RJL.

1619041.1

forth below, the Court should dismiss the petition and enforce the summons against Rosenau and Rosenau.

18.     In weighing the merits of the United States' request to enforce the summons, or Dr. Gerber's petition to quash, the judicial inquiry is the same. Crystal v. United States, 172 F.3d 1141, 1143 (9th Cir. 1999); Muratore v. Department of Treasury, 315 F. Supp.2d 305, 307-09 (W.D.N.Y. 2004). The United States must show that (1) the IRS is conducting the investigation for a legitimate purpose; (2) that the inquiry may be relevant to that purpose; (3) that the information sought is not already in the government's possession; and (4) the IRS has followed the administrative steps required by the Internal Revenue Code. United States v. Powell, 379 U.S. 48, 57-58 (1964). Upon establishing these four elements, the United States is entitled to judicial enforcement of the summons. United States v. Stuart, 489 U.S. 353, 353-54 (1989).

19.     The United States' burden of establishing a *prima facie* case for enforcing the Rosenau summons "is a slight one, for the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted." United States v. Judicial Watch, Inc., 371 F.3d 824, 829 (D.C. Cir. 2004) (internal quotation omitted).[2]

20.     Agent Buck's declaration, submitted herewith, meets the United States' initial burden under Powell, 379 U.S. at 57-58. Judicial Watch, 371 F.3d at 829 (examining agent's declaration "discharged the slight burden placed upon the IRS") (citing United States v. Kis, 658 F.2d 526, 536 (7th Cir. 1981)).[3] To be specific, Agent

---

2 See also United States v. Insurance Consultants of Knox, Inc., 187 F.3d 755, 759 (7th Cir. 1999) ("The Powell requirements impose only a 'minimal burden' on the agency."); United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993) ("government's burden is a slight one"); Alphin v. United States, 809 F.2d 236, 238 (4th Cir. 1987) (burden "is fairly slight because this is a summary proceeding").

3 See also Conner v. United States, 434 F.3d 676, 680 (4th Cir. 2006); Sylvestre v. United States, 978 F.2d 978 F.2d 25, 26 (1st Cir. 1992); Dynavac, 6 F.3d at 1414; United States v. Medlin, 986 F.2d 463, 466 (11th Cir. 1993); PAA Mgmt., Ltd. v. United States, 962 F.2d 212, 219 (2d Cir. 1992).

5

1619041.1

Buck attests to the following:

(A)  The IRS is conducting an investigation of Dr. Gerber, and taxable income he received during the tax years 1999, 2000, 2001, 2002, 2003, 2004, and 2005.  (Buck Decl. ¶ 2.)  Congress authorized the Commissioner of Internal Revenue and his agents to conduct such investigations as are needed to administer and enforce the Internal Revenue Code.  26 U.S.C. §§ 7601, 7602, 7801, 7804.  Ascertaining whether Dr. Gerber fully and accurately reported his income for the years 1999 through 2005 is, by definition, a legitimate purpose.

(B)  Agent Buck's inquiry is clearly relevant to that purpose, because the records sought by the Rosenau summons are necessary to determine Dr. Gerber's taxable income and corresponding tax liability for the years 1999 through 2005.  (Buck Decl. ¶ 10.)[4]

(C)  The information sought is not already in the government's possession.  (Buck Decl. ¶ 9.)

(D)  Upon issuing the Rosenau summons, the IRS followed the administrative steps prescribed by the Code.  (Buck Decl. ¶ 11.)

21.     Further, there is no "Justice Department referral," within the meaning of 26 U.S.C. §7602(d)(2), in effect with respect to Dr. Gerber.  (Buck Decl. ¶ 12.)[5]

22.     Because the foregoing undisputed facts establish a *prima facie* case for enforcing the Rosenau summons, Dr. Gerber cannot prevail unless he meets the "heavy" burden of "disprov[ing] the actual existence of a valid civil tax determination

---

4  See United States v. Arthur Young & Co., 465 U.S. 805, 814 (1984) (IRS may use summons "to obtain items of even *potential* relevance to an ongoing investigation" and "therefore should not be required to establish that the documents it seeks are actually relevant in any technical, evidentiary sense") (emphasis in original).

5  An IRS summons may not be issued or judicially enforced when such a referral is in effect.  26 U.S.C. § 7602(d)(1).

1619041.1

or collection purpose by the Service." <u>United States v. LaSalle Nat'l Bank</u>, 437 U.S. 298, 316 (1978). To satisfy this burden, Dr. Gerber must allege and prove specific facts showing that "enforcement of the summons would be an abuse of the court's process" because "the summons [was] issued for an improper purpose, such as to harass the taxpayer." <u>Judicial Watch</u>, 371 F.3d at 829.[6] Dr. Gerber has not met this burden.

23.    Dr. Gerber has submitted no affidavit or other competent evidence suggesting that the IRS issued the Rosenau summons for an improper purpose. In fact, nowhere in his petition does Dr. Gerber even *allege* any improper purpose on the part of the IRS.[7] Accordingly, the Court should dismiss the petition and enforce the summons against Rosenau and Rosenau. <u>Stuart</u>, 489 U.S. at 360-61.

**The Purported Burden of Producing Documents Responsive to the Rosenau Summons Does Not Excuse Compliance.**

24.    Rosenau and Rosenau, the summoned party, contends the summons is overbroad and, due to the volume of Gerber-related records at issue, compliance would be unduly burdensome. (Gerber Pet. ¶¶ 9-14.) This objection lacks merit.[8]

---

6 <u>See also</u> <u>United States v. Insurance Consultants of Knox, Inc.</u>, 187 F.3d 755, 759 (7th Cir. 1999) ("The taxpayer can rebut the government's prima facie case only by alleging 'specific facts' in rebuttal.") (quoting <u>Crystal v. United States</u>, 172 F.3d 1141, 1144 (9th Cir. 1999)); <u>United States v. Derr</u>, 968 F.2d 943, 945 (9th Cir. 1992) ("Enforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses."); <u>United States v. White</u>, 853 F.2d 107, 111 (2d Cir. 1988) ("the taxpayer's burden of proof to establish that enforcement would be improper is significantly greater than the burden on the government to show a legitimate purpose"); <u>United States v. Kis</u>, 658 F.2d 526, 535 (7th Cir. 1981) (noting taxpayer's "extraordinarily heavy burden" to rebut IRS's *prima facie* case).

7 Dr. Gerber's unfounded hypothesis that the IRS is somehow acting as the agent of his ex-wife (Gerber Pet. ¶ 25) strains credulity.

8 We address this objection as if made by Rosenau and Rosenau. As the burden of complying with a summons issued to a third-party recordkeeper falls upon the summoned party – here, Rosenau and Rosenau – Dr. Gerber lacks standing to object on this basis. <u>Mason v. United States</u>, 966 F. Supp. 1146, 1148-49 (M.D. Fla. 1997) (taxpayer lacks standing to contest summons based on alleged burden to third party); <u>King v. United States</u>, 684 F. Supp. 1038, 1041 (D. Neb. 1987) (same).

7

25.     As explained above, the IRS has sharply narrowed the scope of the Rosenau summons, and now seeks only records relating to payments of Rosenau and Rosenau's legal fees by or on behalf of Dr. Gerber, and payments by Rosenau and Rosenau to third parties on Dr. Gerber's behalf, in the years 1999 through 2005. (Buck Decl. ¶¶ 8-9; Ex. A at 2.) Thus limited, the summons imposes no undue burden on Rosenau and Rosenau.

26.     Assuming, as we must, that Rosenau and Rosenau properly segregates all funds entrusted to it by Dr. Gerber, including funds earmarked for payment to third parties, and maintains accurate records of payments to, from, and on behalf of Dr. Gerber, it should be a simple matter for Rosenau and Rosenau to produce the payment records sought by the IRS.[9]  Indeed, at Dr. Gerber's request, or the request of any third party with an interest in such funds, Rosenau and Rosenau would be required to render a prompt and full accounting of the payments in question.  Authorized by Congress to investigate Dr. Gerber's taxable income and issue summonses with the force of law for that purpose, the IRS is entitled to no less.  To this end, section 7609(i)(1) commands:

---

9 Rule 1.15 of the D.C. Rules of Professional Conduct provides in pertinent part:

(a) A lawyer shall hold property of clients or third persons that is in the lawyer's possession in connection with a representation separate from the lawyer's own property.

(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property, subject to Rule 1.6.

See In re Midlen, 885 A.2d 1280 (D.C. 2005) (addressing attorney's duties to segregate and account for client funds and funds in which a third person has an interest).

8

> Recordkeeper must assemble records and be prepared to produce records.
> – On receipt of a summons to which this section applies for the production
> of records, the summoned party shall proceed to assemble the records
> requested, or such portion thereof as the Secretary may prescribe, and
> shall be prepared to produce the records pursuant to the summons on the
> day on which the records are to be examined.

26 U.S.C. § 7609(i)(1). Rosenau and Rosenau cannot contest the summons by claiming

the right to neglect its statutory duty to assemble the requested records.

27.    Additionally, it is hardly a foregone conclusion that Rosenau and Rosenau

must expend any significant effort to comply with the summons. All Rosenau and

Rosenau need do is provide the IRS access to the responsive records for inspection and

copying. The IRS can do the rest. See United States v. Covington Trust & Banking Co.,

431 F. Supp. 352, 356 (E.D. Ky. 1977) (finding that "summons impose[d] no

unreasonable financial burden on" bank in light of "the offer of the IRS to provide

personnel and supplies for procuring the needed records").

28.    In view of the foregoing, the Court should reject Rosenau and Rosenau's

claim that complying with the summons is unduly burdensome.

            Dr. Gerber's Unsubstantiated Privilege Claims Lack Merit.

29.    Dr. Gerber also theorizes that the payment records sought by the IRS

summons are protected by the attorney-client privilege and attorney work product

doctrine. (Gerber Pet. ¶ 15.) Again, Dr. Gerber is wrong.

30.    Dr. Gerber has the burden of proving that the payment records at issue

are privileged attorney-client communications. See United States v. KPMG LLP, 316 F.

Supp.2d 30 (D.D.C. 2004) (ordering production where summoned party failed to show

privilege applied); United States v. Neill, 952 F. Supp. 834, 842 (D.D.C. 1997) ("The

proponent of the privilege bears the burden to establish its existence."); United States v.

Covington & Burling, 430 F. Supp. 1117, 1122 (D.D.C. 1977).

31.    To meet this burden, the proponent must "specifically and factually

support his claim of privilege, usually by affidavit." Byrnes v. Jetnet Corp., 111 F.R.D.

9

68, 71 (M.D.N.C. 1986).[10]  Dr. Gerber has not met this burden.

32.     Indeed, Dr. Gerber "does not contend that every document in [Rosenau and Rosenau's] possession would be protected by the attorney-client privilege," and has not even provided a privilege log that might assist the Court in evaluating the privilege claims. (Gerber Pet. ¶¶ 17-18.)  Dr. Gerber instead argues that it would be too burdensome to prepare a privilege log due to the volume of Gerber-related documents in Rosenau and Rosenau's possession. (Gerber Pet. ¶ 17.)  The burden of preparing a privilege log is no defense to an IRS summons.  United States v. KPMG LLP, 237 F. Supp.2d 35, 37-38 (D.D.C. 2002) (rejecting argument that preparation of detailed privilege log containing at least 8,500 entries was too burdensome).  Moreover, as noted, the document production sought by the Rosenau summons is quite narrow, as the IRS now seeks only records of Dr. Gerber's payments to Rosenau and Rosenau, and payments by Rosenau and Rosenau to third parties on Dr. Gerber's behalf.

33.     On the merits, substantiation issues aside, Dr. Gerber's privilege claims fail as a matter of law.  In the first place, to the extent Rosenau and Rosenau is acting as a mere paymaster for Dr. Gerber with respect to third-party payments, Rosenau and Rosenau obviously is not acting in a legal capacity.  In re Grand Jury Subpoena, 831 F.2d 225, 228 (11th Cir. 1987) ("An attorney who acts as his client's agent for receipt or disbursement of money or property to or from third parties is not acting in a legal capacity, and records of such transactions are not privileged.").  Payments transmitted to third parties on Dr. Gerber's behalf, like most commonplace commercial transactions, involve no confidential attorney-client communication that is privileged.  In re Grand

10  See also United States v. Construction Prods. Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996); In re Grand Jury Investigation, 974 F.2d 1068, 1071 (9th Cir. 1992); Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust No. 1B, 230 F.R.D. 398, 409-10 (D.Md. 2005); Barr Marine Products Co., Inc. v. Borg-Warner Corp., 84 F.R.D. 631, 636 (E.D. Pa. 1979). ("[A] party resisting discovery on the ground of the attorney-client privilege must by affidavit show sufficient facts as to bring the identified and described document within the narrow confines of the privilege.").

1619041.1

Jury Subpoena, 831 F.2d 225, 227 (11th Cir. 1987) (where "subpoena sought 'all records of property transactions including but not limited to closing statements [and] contracts to purchase,'" records were "not protected by the attorney-client privilege, because they lack a confidential nature") (internal quotation omitted); United States v. McDonald, 313 F.2d 832, 835 (2d Cir. 1963) (no attorney-client privilege where subpoena sought "copies of closing statements and sales contracts"); Najjar v. U.S. Dept. of Treasury, 2003 WL 21254772, *2 (S.D. Ind. 2003) (enforcing IRS summons seeking attorney's bank records because "there is no legitimate expectation of privacy in the contents of checks, deposit slips or bank statements").

34.    Turning to payments of Rosenau and Rosenau's legal fees by or on behalf of Dr. Gerber, courts agree that records reflecting a client's payment of his attorney's fees are unprivileged. Montgomery v. Leftwich, Moore & Douglas, 161 F.R.D. 224, 227 (D.D.C. 1995) ("It is well established that the attorney-client privilege is generally not violated by requiring the disclosure of billing arrangements 'because such information ordinarily reveals no confidential professional communication between attorney and client.'") (quoting In Re Osterhoudt, 722 F.2d 591, 593 (9th Cir. 1983)); see also Tornay v. United States, 840 F.2d 1424, 1427-28 (9th Cir. 1988) (enforcing IRS summons issued to taxpayer's attorney seeking amount, date, and form of fees paid by taxpayer to attorney); In re Grand Jury Matter, 926 F.2d 348, 351-53 (4th Cir. 1991) (attorney-client privilege held no defense to grand jury subpoena seeking fees paid by client to attorneys); In re Shargel, 742 F.2d 61, 62-64 (2d Cir. 1984) (attorney fee information held not privileged where government sought information "as evidence of the violation of the tax laws").

35.    What is more, Dr. Gerber admits that Rosenau and Rosenau does not represent him as tax counsel in connection with the IRS investigation. (Gerber Pet. 1 (describing Rosenau as "Gerber's appellate attorney and civil action attorney in the

11

District of Columbia Superior Court"); id. at ¶ 4 (statement that Rosenau "represented Dr. Gerber in an appeal of his Domestic Relations case [and] also represents him in a civil action brought by his former spouse"); id. at ¶ 19 ("the undersigned represents Dr. Gerber in matters that arguably are not related to the IRS investigation").)[11] As a practical matter, from the standpoint of enforcing the IRS summons, Rosenau and Rosenau is little more than a document custodian. It is well settled that the "mere deposit with an attorney of documents does not in and of itself cloak them with the attorney-client privilege." Matter of Victor, 422 F. Supp. 475, 476-77 (S.D.N.Y. 1976); see also Simon v. G.D. Searle & Co., 816 F.2d 397, 403 (8th Cir. 1987); Pippenger v. Gruppe, 883 F. Supp. 1201, 1208 (S.D. Ind. 1994) ("A party cannot conceal a fact merely by revealing it to his attorney.")

36.    Given the foregoing, the Court should overrule Dr. Gerber's unfounded privilege claims.

Dr. Gerber's Speculation About the Statute of Limitations Does Not Render the Summons Unenforceable for the 1999 Tax Year.

37.    Struggling to find a credible basis on which to contest the Rosenau summons, Dr. Gerber asserts:

The Statute of Limitations under 26 U.S.C. § 6531 is at best six years after the commission of the offense. Thus, arguably, anything relating to the 1999 tax year is beyond the pertinent statute and should not be enforced.

(Gerber Pet. ¶ 22.) Dr. Gerber is wrong.

38.    Simple arithmetic instructs that the six-year statute of limitations on tax offenses under 26 U.S.C. § 6531 remains open for 1999.[12] As noted, the IRS is

11 In fact, Dr. Gerber is represented in the IRS investigation by Arthur Boelter, an attorney specializing in federal tax matters. (Buck Decl. ¶ 5.) See Boelter v. United States, 2005 WL 1799739 (W.D. Wash. 2005).

12 Section 6531 of the Internal Revenue Code provides that offenses involving tax fraud or willful tax evasion must be prosecuted within six years after the offense is committed. 26 U.S.C. § 6531.

12

investigating whether Dr. Gerber properly reported his taxable income and corresponding tax liabilities for the years 1999 through 2005. (Buck Decl. ¶¶ 2, 10.) The offense of willful tax evasion under 26 U.S.C. § 7201 "is complete when the taxpayer files a false and fraudulent return with intent to evade or defeat any part of the tax due." Swallow v. United States, 307 F.2d 81, 83 (10th Cir. 1962); see also Sansone v. United States, 380 U.S. 343, 354 (1965); United States v. Callanan, 450 F.2d 145, 147 (4th Cir. 1971); United States v. Dawson, 400 F.2d 194, 202 (2d Cir. 1968) ("the crime of income tax evasion occurs when the return is filed").

39.    Unless Dr. Gerber filed his 1999 federal income tax return before December 2, 1999 (highly unlikely, if not impossible, as 1999 had not even ended), it perforce follows that the six-year limitations period under § 6531 remained open when Agent Buck served the Rosenau summons on December 2, 2005. Further, Dr. Gerber's petition to quash the summons, filed December 20, 2005, suspended the running of the limitations period under § 6531. 26 U.S.C. § 7609(e)(1). Consequently, the six-year statute of limitations under § 6531 clearly has not run for 1999.

40.    Moreover, if Dr. Gerber's 1999 federal income tax return was false or fraudulent, or Dr. Gerber willfully attempted to defeat or evade his tax liability for 1999, the Commissioner has an unlimited time in which to pursue civil assessment and collection of any tax owed by Dr. Gerber for 1999. 26 U.S.C. §§ 6501(c)(1), (c)(2).

41.    Dr. Gerber's groundless speculation about the statute of limitations does not render the summons unenforceable with respect to the 1999 tax year. Rejecting such an argument, one district court explained:

1619041.1

Conner next argues that the court should quash the summonses based on the six-year statute of limitations of 26 U.S.C. § 6531. This argument, too, is misplaced because § 6531 in no way prevents the government from seeking potentially relevant evidence for use in a criminal tax investigation. Section 6531 only protects a taxpayer from being "prosecuted, tried, or punished" for an offense falling outside the six-year period. Nothing in the statute suggests that the section limits the government's ability to pursue relevant evidence for use in an otherwise proper investigation. See 26 U.S.C. § 6531. Thus, the IRS may pursue even that evidence which only has the potential to be relevant. See United States v. Arthur Young & Co., 465 U.S. 805, 817, 104 S.Ct. 1495, 79 L. Ed.2d 826 (1984).

Here, though Section 6531 may affect the government's ability to prosecute Conner for his conduct in 1996, the only year falling outside the six-year period in Conner's case, *it in no way prohibits the government from seeking access to Conner's financial records from 1996, from which the government might permissibly glean relevant information regarding Conner's tax-related activities in successive years.* See Arthur Young & Co., 465 U.S. at 817. Therefore, the court rejects this argument and denies any discovery or further discussion in relation to it.

Conner v. United States, 2004 WL 1946377, *4-5 (W.D. Va. 2004) (emphasis added).

42.     Here, even assuming the civil and criminal statutes of limitations for the 1999 tax year had expired (and they have *not*), these limitation periods obviously remain open for the 2000 through 2005 tax years. Because financial records dating from 1999 may shed light on whether Dr. Gerber has correctly reported his taxable income for the years 2000 through 2005, the Rosenau summons is enforceable with respect to 1999. Arthur Young, 465 U.S. at 814 (IRS may use summons "to obtain items of even *potential* relevance to an ongoing investigation") (emphasis in original); Conner, 2004 WL 1946377 at *5; cf. United States v. Shavin, 320 F.2d 308, 314 (7th Cir. 1963) (income tax return for prior year not at issue in criminal tax case was admissible to show taxpayer's intent to commit tax fraud).

43.     The United States by no means asks the Court to find that Dr. Gerber has filed any false income tax return or committed any federal tax offense. But the very purpose of the IRS investigation, including the Rosenau summons, is to determine whether Dr. Gerber has complied with the federal tax law for the years 1999 through

14

2005. Dr. Gerber cannot throw up the statute of limitations as a roadblock to making

that threshold determination for 1999. Therefore, the Court should reject Dr. Gerber's

baseless claim that the statute of limitations renders the Rosenau summons

unenforceable with respect to the 1999 tax year.

The Court Should Decline Dr. Gerber's Invitation
to Assume Nationwide Supervision of the IRS, and
Dismiss His Supplemental Memorandum of Points
and Authorities for Lack of Subject Matter Jurisdiction.

44.    With respect to the summons issued by the IRS to US Bank in

Minneapolis, Dr. Gerber asks the Court to take the extraordinary step of assuming

nationwide supervision of the IRS, as follows:

> 7. It is a waste of judicial resources, Petitioner's resources, and both
> the Government and Petitioner's counsel, to litigate each and every
> summons that is issued independently and in multiple jurisdictions.
>
> 8. The undersigned would urge this court to issue a show cause
> order to the IRS to provide Petitioner with a list of each party to whom the
> IRS intends to issue a summons.
>
> 9. The undersigned would also urge this Court to permit
> consolidation of all these summonses in this jurisdiction issuing an Order
> against the IRS against further fishing trips across the country unless they
> can justify the summonses here in Petitioner's district. The undersigned
> would prefer this route first rather than the Judicial Panel on Multi-
> District Litigation.

(Gerber Supp. Memo ¶¶ 7-9.)

45.    To support his request for "a show cause order to the IRS to provide

Petitioner with a list of each party to whom the IRS intends to issue a summons," Dr.

Gerber cites no legal authority, and with good reason. None exists.

46.    Congress authorized the Commissioner of Internal Revenue and his

agents to conduct such investigations as are needed to administer and enforce the

Internal Revenue Code. 26 U.S.C. §§ 7601, 7602, 7801, 7804. Sovereign immunity and

the Anti-Injunction Act, 26 U.S.C. § 7421(a), bar the injunctive relief sought by Dr.

Gerber. Reisman v. Caplin, 317 F.2d 123, 125-26 (D.C. Cir. 1963) (sovereign immunity

15

1619041.1

bars taxpayer claim for declaratory and injunctive relief against IRS summons), aff'd, 375 U.S. 440 (1964); Jarvis v. Roberts, 489 F. Supp. 924, 929-30 (W.D. Tex. 1980) (Anti-Injunction Act); Anderson v. IRS, 371 F. Supp. 1278, 1281 (D. Wyo. 1974) (same).

47.     Likewise without merit is Dr. Gerber's request that the Court consolidate and exercise jurisdiction over all pending summonses issued by the IRS to third-party recordkeepers, wherever located, and enjoin the IRS from issuing any further summonses pursuant to its investigation of Dr. Gerber.  Expanding this Court's jurisdiction throughout the United States, as Dr. Gerber urges, would violate Section 7609(h)(1), which vests jurisdiction exclusively in the U.S. District Court for the district in which a summoned third-party recordkeeper is located.  26 U.S.C. § 7609(h)(1); Deal v. United States, 759 F.2d 442, 443-44 (5th Cir. 1985); Kondik v. United States, 922 F. Supp. 54, 55 (N.D. Ohio 1995), aff'd, 81 F.3d 655 (6th Cir. 1996); Dennis v. United States, 660 F. Supp. 870, 873-74 (C.D. Ill. 1987); Jungles v. United States, 634 F. Supp. 585, 586 (N.D. Ill. 1986); Maikranz v. United States, 612 F. Supp. 590, 591-92 (S.D. Ind. 1985); Bilodeau v. United States, 577 F. Supp. 234, 235 (D.N.H. 1983).  If and when the IRS issues a summons to a third-party recordkeeper, Dr. Gerber is entitled to contest the summons in the judicial district where the summoned party is located.  Declaratory and injunctive relief, in the form of an order channeling all pending summonses to this Court and barring the IRS from issuing any future summonses relating to Dr. Gerber, is improper because Dr. Gerber already has an adequate remedy at law.  Reisman, 375 U.S. 440 (no declaratory and injunctive relief against IRS summons where Congress prescribes adequate remedy at law).

48.     As Dr. Gerber's contention that the Court may assume nationwide supervision over the IRS is contrary to law, the Court should dismiss Dr. Gerber's claims for such relief with prejudice.

49.     Even assuming that Dr. Gerber's procedurally flawed Supplemental

16

Memorandum of Points and Authorities were equivalent to a properly filed petition to quash the US Bank summons under 26 U.S.C. § 7609(b)(1),[13] the US Bank summons cannot be quashed in this judicial district. US Bank was summoned in Minneapolis, Minnesota, a location far outside the District of the District of Columbia. Petitions to quash summonses issued by the IRS must be filed in the judicial districts in which the summoned parties are located. 26 U.S.C. § 7609(h)(1); <u>Deal</u>, 759 F.2d at 443-44; <u>Kondik</u>, 922 F. Supp. at 55, <u>aff'd</u>, 81 F.3d 655; <u>Dennis</u>, 660 F. Supp. at 873-74; <u>Jungles</u>, 634 F. Supp. at 586; <u>Maikranz</u>, 612 F. Supp. at 591-92; <u>Bilodeau</u>, 577 F. Supp. at 235.

    50.    In <u>Masat v. United States</u>, 745 F.2d 985 (5th Cir. 1984), the Fifth Circuit explained the reasoning behind the requirement that a petition to quash summonses be filed in the judicial district of the summoned party:

> There is a sound rationale for this limitation of jurisdiction. The taxpayer's motion to quash is directed towards an existing summons issued by the IRS to the third-party recordkeeper. Given Congress's twin goals of shifting to the taxpayer the burden of instituting an action to quash an IRS summons issued to a third-party recordkeeper and of removing the delays in tax investigations, *it is only logical that jurisdiction be vested in the district where the summons is to be answered*. Allowing jurisdiction to be determined by the location of the taxpayer, as Masat argues, would force the mountain to come to Mohammed, and would undercut both objectives of Section 7609.

<u>Masat</u>, 745 F.2d at 987-88 (emphasis added).

    51.    Congress prescribed Dr. Gerber's exclusive remedy – a petition to quash filed in the District of Minnesota, where US Bank was summoned. <u>Reisman</u>, 375 U.S. 440 (no injunctive relief against IRS summons where Congress prescribes adequate

---

13 Hypothetically, if this Court could exercise jurisdiction over an IRS summons issued to a third-party recordkeeper in Minnesota, Dr. Gerber would have to initiate a separate miscellaneous civil action by filing a petition to quash the US Bank summons with the Court. Once that step was taken, Dr. Gerber could move the Court to consolidate proceedings on the US Bank summons with the previously filed action regarding the Rosenau summons. Dr. Gerber cannot leapfrog such procedural requirements by piggybacking his objections to the US Bank summons, through a Supplemental Memorandum of Points and Authorities, atop his petition to quash the Rosenau summons.

1619041.1

remedy at law). As Dr. Gerber cannot contest the US Bank summons by invoking this Court's jurisdiction on extraterritorial terms, the Court should dismiss Dr. Gerber's Supplemental Memorandum of Points and Authorities with prejudice.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court dismiss with prejudice Dr. Gerber's petition to quash the IRS summons issued on December 2, 2005, including Dr. Gerber's Supplemental Memorandum of Points and Authorities, and enforce the summons against Rosenau and Rosenau, in accordance with the proposed Order submitted herewith.

DATE: March 30, 2006.

Respectfully submitted,

RICHARD G. JACOBUS
D.C. Bar No. 462056
Trial Attorney, Tax Division
U. S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 616-0553
Richard.G.Jacobus@usdoj.gov
Counsel for the United States

Of counsel:

KENNETH L. WAINSTEIN
United States Attorney

18

1619041.1

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD GERBER,                              )
                                             )
            Petitioner,                      )
                                             )
      v.                                     )        Case No. 1:05-mc-00516-RMU
                                             )
UNITED STATES OF AMERICA,                    )        Hon. Ricardo M. Urbina
                                             )
            Respondent.                      )

## DECLARATION OF KENNETH L. BUCK

Pursuant to 28 U.S.C. §1746(1), Kenneth L. Buck declares:

1.      I am a duly commissioned Special Agent employed by the Criminal Investigations Division of the Internal Revenue Service ("IRS") at 201 Thomas Johnson Drive, Suite 203, Frederick, Maryland 21702.

2.      In my capacity as a Special Agent, I am conducting an investigation of Dr. Richard Gerber and taxable income he received during the tax years 1999, 2000, 2001, 2002, 2003, 2004, and 2005.

3.      On December 2, 2005, in furtherance of the above referenced investigation and in accordance with 26 U.S.C. § 7602, I issued an administrative summons, IRS Form 2039, to Rosenau and Rosenau, 1304 Rhode Island Avenue, N.W., Washington, D.C. 20005, for records and documents described in an attachment to the summons. A true and accurate copy of the summons is annexed hereto as Exhibit A.

4.      In accordance with 26 U.S.C. § 7603, I served an attested copy of the summons by handing it to Kenneth Rosenau of the law firm Rosenau and Rosenau, who stated that he was authorized to receive process, on December 2, 2005, as evidenced by paragraph 1 of the summons certificate of service. (Ex. A at 3.)

5.      On December 2, 2005, in accordance with 26 U.S.C. § 7609(a), I mailed notice of the summons to Dr. Gerber and to Arthur Boelter, his attorney in connection with the tax investigation, by certified mail to their last known addresses, as evidenced

1570916.1

by paragraph 4 of the summons certificate of service and the certified mail receipts reproduced in Exhibit A hereto. (Ex. A at 3-4.)

6.    On December 20, 2005, Kenneth Rosenau filed a motion to quash the December 2, 2005 summons issued to Rosenau and Rosenau with the U.S. District Court for the District of Columbia, Case No. 1:05-mc-00516-RMU.

7.    The time for appearance stated on the summons was January 3, 2006 at 10:00 a.m. (Ex. A at 1.) On January 3, 2006, Mr. Rosenau failed to appear in response to the summons.

8.    The summons seeks three categories of records and documents from Rosenau and Rosenau, as follows:

A.  Records relating to legal or professional fees paid to you by or on behalf of Dr. Richard Gerber for legal services rendered, reflecting the amounts of each fee, the date paid, whether the payments were made by check or in cash, copies (front and back) of any checks. Records of any payments by you to others for the benefit of, or on behalf of Dr. Richard Gerber, including records disclosing the dates, amounts, method (cash or check) and copies (front and back) of the checks. All canceled checks, duplicate copies of bank or teller's checks or receipts for purchase of bank or teller's checks for these payments.

B.  Any and all depositions or other statements made by Dr. Richard Gerber with accompanying exhibits.

C.  Any and all records provided by Dr. Richard Gerber relating to his financial position including but not limited to net worth statements, financial statements, cash flow statements, supporting documents, memoranda, letters, notes, e-mails or other correspondence.

(Ex. A at 2.)

9.    Since issuing the summons on December 2, 2005, the IRS has obtained the second and third categories of documents sought from Rosenau and Rosenau by other means. Therefore, the IRS now seeks only the first category of records, relating to payments of Rosenau and Rosenau's legal fees by or on behalf of Dr. Gerber, and payments by Rosenau and Rosenau to third parties on Dr. Gerber's behalf. This information is not already in the possession of the IRS.

-2-

1570916.1

10.    The records and documents that the summons seeks from Rosenau and Rosenau are necessary to determine Dr. Gerber's taxable income and corresponding tax liability for the years 1999, 2000, 2001, 2002, 2003, 2004, and 2005.

11.    All administrative steps required by the Internal Revenue Code for the issuance of the summons have been taken.

12.    As of the date of this Declaration, there is no "Justice Department referral," within the meaning of 26 U.S.C. §7602(d), in effect with respect to Dr. Gerber. Specifically, the IRS has not made a recommendation to the U.S. Department of Justice for a grand jury investigation or criminal prosecution of Dr. Gerber for the tax periods under examination, and the IRS is not delaying such a recommendation in order to collect additional information. Moreover, the Department of Justice has not made any request under 26 U.S.C. § 6103(h)(3)(B) for the disclosure of any return or return information, as those terms are defined in 26 U.S.C. § 6103(b), relating to Dr. Gerber.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _March 17_____, 2006

_____
KENNETH L. BUCK

1570916.1



# Summons

In the matter of  Dr. Richard Gerber, 2324 Tracy Place NW, Washington, D.C. 20008

Internal Revenue Service (Division):  Criminal Investigation

Industry/Area (name or number):  Criminal Investigation / Mid-Atlantic Area

Periods:  1999/12, 2000/12, 2001/12, 2002/12, 2003/12, 2004/12, 2005/12

## The Commissioner of Internal Revenue

**To:**  Rosenau & Rosenau

**At:**  1304 Rhode Island Ave., NW, Washington, D.C. 20005

You are hereby summoned and required to appear before  Kenneth L. Buck or his designee
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown

See Attachment  The summons may be complied with by mailing the requested information to Special Agent Kenneth L. Buck at the address below.

## Do not write in this space

EXHIBIT

*A*

PENGAD 800-631-6989

1/4

**Business address and telephone number of IRS officer before whom you are to appear:**

**Place and time for appearance at**  201 Thomas Johnson Drive, Suite 203 Frederick, MD 21702

**IRS**

Department of the Treasury
Internal Revenue Service

www.irs.gov

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

on the ___3rd___ day of ___January___ 2006, at ___10:00___ o'clock ___a.___ m.

Issued under authority of the Internal Revenue Code this _2nd_ day of _December_ _2005_
                                                                                    (year)

___Kenneth L Buck___
Signature of issuing officer

___Special Agent___
Title

___N/A___
Signature of approving officer (if applicable)

_____
Title

Original — to be kept by IRS

ATTACHMENT TO SUMMONS ISSUED TO: Rosenau & Rosenau

FOR THE YEARS: 1999 - 2005

All records relative to Dr. Richard Gerber.

Such records to include but not limited to:

Records relating to legal or professional fees paid to you by or on behalf of Dr. Richard Gerber for legal services rendered, reflecting the amounts of each fee, the date paid, whether the payments were made by check or in cash, copies (front and back) of any checks. Records of any payments by you to others for the benefit of, or on behalf of Dr. Richard Gerber, including records disclosing the dates, amounts, method (cash or check) and copies (front and back) of the checks. All canceled checks, duplicate copies of bank or teller's checks or receipts for purchase of bank or teller's checks for these payments.

Any and all depositions or other statements made by Dr. Richard Gerber with accompanying exhibits.

Any and all records provided by Dr. Richard Gerber relating to his financial position including but not limited to net worth statements, financial statements, cash flow statements, supporting documents, memoranda, letters, notes, e-mails or other correspondence.

2/4



# Service of Summons, Notice and Recordkeeper Certificates

**(Pursuant to section 7603, Internal Revenue Code)**

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|------|------|
| 12/2/05 | 8:30A |

**How Summons Was Served**

1. ☒ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed. *Ken Roseman*

2. ☐ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): _____

3. ☐ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: _____
1304 Rhode Island Ave., NW, Washington, D.C. 20005

| Signature | Title |
|-----------|-------|
| *Kenneth Z Bush* | *Special Agent* |

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

| Date of giving Notice: 12/2/05 | Time: |
|---|---|
| Name of Noticee: *Arthur Belter* | *DR Richard Graber* |
| 1411 4th Ave Ste 1910 Seattle, WA 98101 | 2314 Tracy Pl NW Wash. DC 20005 |

Address of Noticee (if mailed): 

|   | 7003 1680 0004 5075 9209 | 7003 1680 0004 5075 9193 |
|---|---|---|

**How Notice Was Given**

☒ I gave notice by certified or registered mail to the last known address of the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☐ No notice is required.

| Signature | Title |
|-----------|-------|
| *Kenneth Z Bush* | *Special Agent* |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|-----------|-------|
|  |  |

3/4

Form 2039 (Rev. 12-2001)

**COMPLETE THIS SECTION**

- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

☐ Agent
☐ Addressee
C. Date of Delivery  2-5-5

1. Article Addressed to:

ARTHUR BOECTER
1411 4th Ave. Ste. 1410
Seattle, WA 98101

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☒ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7003 1680 0004 5075 9209

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL · RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To    ARTHUR BOECTER
Street, Apt. No.; or PO Box No.    1411 4th Ave Ste 1410
City, State, ZIP+4    Seattle WA 98101

PS Form 3800, June 2002    See Reverse for Instructions

7003 1680 0004 5075 9209

---

**U.S. Postal Service**
**CERTIFIED MAIL · RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To    DR RICHARD GERBER
Street, Apt. No.; or PO Box No.    2324 TRACY PL NW
City, State, ZIP+4    WASHINGTON DC 20008

PS Form 3800, June 2002    See Reverse for Instructions

7003 1680 0004 5075 9193

4/4

**EXHIBIT C**

**RECEIVED**

AUG 2 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD GERBER,            )
                           )
        Petitioner,        )      Case No. 1:05-mc-00516-RMU
                           )      Case No. 1:06-mc-00032-RMU
    v.                     )      (Consolidated)
                           )
UNITED STATES OF AMERICA,  )      Hon. Ricardo M. Urbina
                           )
        Respondent.        )

## UNITED STATES' STATUS REPORT REGARDING
## IRS SUMMONS ENFORCEMENT PROCEEDINGS

Respondent, the United States of America, respectfully informs the Court as follows.

### Case No. 1:05-mc-00516-RMU

1.      Rosenau and Rosenau has complied with the summons issued to it by the Internal Revenue Service ("IRS") on December 2, 2005 (the "Rosenau Summons").

Accordingly, the proceedings in Case No. 1:05-mc-00516-RMU with respect to the Rosenau Summons are moot.

2.      Petitioner's Supplemental Memorandum of Points and Authorities, filed March 3, 2006 in Case No. 1:05-mc-00516-RMU (docket No. 7), relating to a summons issued by the IRS to US Bank, N.A., Minneapolis, Minnesota, on or about February 8, 2006 (the "US Bank Summons"), remains contested.

### Case No. 1:06-mc-00032-RMU

3.      Petitioner's petition to quash a summons issued by the IRS to Paine Webber (a/k/a UBS), 100 East Pratt Street, 21st Floor, Baltimore, Maryland 21202, on January 10, 2006 (the "Paine Webber Summons"), filed January 30, 2006 in Case No. 1:06-mc-00032-RMU (docket No. 1), remains contested.

4.      Petitioner's Supplemental Memorandum of Points and Authorities

1856532.1

relating to the US Bank Summons, filed March 3, 2006 in Case No. 1:06-mc-00032-RMU (docket No. 5), remains contested.

    5.      The United States' motion to dismiss the petition to quash the Paine Webber Summons, including Petitioner's Supplemental Memorandum of Points and Authorities relating to the US Bank Summons, filed April 3, 2006 in Case No. 1:06-mc-00032-RMU (docket No. 6), remains contested.

## CONCLUSION

The Paine Webber Summons and US Bank Summons seek financial records relating to the tax years 1999 through 2005. In light of the document retention policies typically followed by major banks and brokerage firms, responsive financial records relating to the tax year 1999 may be threatened with imminent destruction by Paine Webber/UBS and US Bank in the ordinary course of business. Accordingly, the United States respectfully requests that the Court set the remaining contested matters in Cases Nos. 1:05-mc-00516-RMU and 1:06-mc-00032-RMU down for hearing at the Court's earliest convenience.

DATE:  August 22, 2006.

                               Respectfully submitted,

                               RICHARD G. JACOBUS
                               D.C. Bar No. 462058
                               Trial Attorney, Tax Division
                               U. S. Department of Justice
                               Post Office Box 227
                               Ben Franklin Station
                               Washington, DC  20044
                               Telephone:  (202) 616-0553
                               Richard.G.Jacobus@usdoj.gov
                               Counsel for the United States

Of counsel:

KENNETH L. WAINSTEIN
United States Attorney

1856532.1

**EXHIBIT D**



ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**RICHARD GERBER,**

**FILED**

**Petitioner;**

FEB 0 5 2006

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

v.

Case No. 1:06MS00032 *AJL*
Case No. 1:05MS00516 *~Rott*

**UNITED STATES OF AMERICA,**

**Respondent.**

## Rule 42 Motion to Consolidate

COMES NOW, the Petitioner, Dr. Richard Gerber, by and through the undersigned counsel, and hereby moves this Honorable Court to consolidate the above captioned cases and in support thereof states the following:

1. On December 20, 2005, Petitioner filed a Petition to Quash Summons, issued by the Internal Revenue Service (IRS) to the undersigned to produce "all records" relative to Dr. Richard Gerber. *See* Case No. 1:05MS00516, on the calendar of Judge M. Urbina.

2. On January 30, 2006, the Petitioner filed a Petition to Quash Summons, issued by the IRS to the now defunct company Paine Webber for "all records relative to financial transactions with or on behalf of Dr. Richard Gerber." *See* Case No. 1:06MS00032, on the calendar of Judge Richard Leon.

3. The subject matter of both cases before this Court are IRS issued summonses that Petitioner argues are, in part, overbroad and unduly burdensome.

4. The undersigned is the attorney of record for Petitioner in both of these cases.

5.  Federal Rule of Civil Procedure 42 (a) states: *Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.*

6.  Petitioner and Respondent are the same in both of the above captioned cases, and both cases will involve similar subject matter, related to the IRS investigation of Dr. Gerber.

7.  The undersigned thinks it would be in the interest of judicial economy, expedience and consistency for these two matters to be consolidated.

8.  Petitioner has already incurred significant legal expenses and the undersigned would like to minimize fees wherever possible. Consolidation of these matters will eliminate unnecessary, multiple court appearances and filings.

9.  Neither party to either action will be harmed or prejudiced by the consolidation of these two cases.

10. If the Court is inclined to consolidate, the undersigned would leave it to the Court's discretion under which of the two calendars the consolidated cases would remain.

WHEREFORE, the Petitioner hereby requests this Court consolidate matters 1:06MS00032 and 1:05MS00516.

Respectfully submitted

Kenneth H. Rosenau
1304 Rhode Island Ave, NW
Washington, DC 20005
202.387.8680

Memorandum of Points and Authorities

1. Petition to Quash Summons, Case No. 1:05MS00516.

2. Petition to Quash Summons, Case No. 1:06MS00032.

3. The record herein.

4. Federal Rule of Civil Procedure 42.

Kenneth H. Rosenau

Certificate of Service

I hereby certify that a true and accurate copy of the foregoing was sent this 2nd

day of February, 2006 via first class, postage pre-paid, mail to:


Kenneth S. Buck. Special Agent
Internal Revenue Service
201 Thomas Johnson Drive
Suite 203
Frederick, MD 21702

Kenneth H. Rosenau