<u>**ORAL ARGUMENT REQUESTED**</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RICHARD GERBER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:06-mc-00032-RMU |
| | ) | Case no. 1:05MS00516 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Hon. Ricardo M. Urbina |
| | ) | |
| Respondent. | ) | |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES OF RICHARD GERBER IN SUPPORT OF MOTION FOR AN ORDER REQUIRING THE GOVERNMENT TO RETURN ALL MATERIALS OBTAINED PURSUANT TO SUMMONSES ISSUED TO PAINE WEBBER AND ROSENAU & ROSENAU AND FOR ATTORNEYS FEES PURSUANT TO 26 U.S.C. SECTION 7340.**

Curtis, Mallet-Prevost, Colt & Mosle, LLP
1200 New Hampshire Ave., N.W.
Washington, D.C. 20036
Samuel Rosenthal (DC Bar No. 329516)
srosenthal@cm-p.com
(202) 452-7340

Rosenau & Rosenau
1304 Rhode Island Ave., N.W.
Washington, D.C. 20009
(202) 387-8680
Kenneth.Rosenau@rosenaulaw.com

Counsel for Petitioner
Richard Gerber

## Table of Contents

Page #

**PRELIMINARY STATEMENT** ...................................................................................... 1

**ARGUMENT**.................................................................................................................. 3

I.    THE GOVERNMENT HAS ESSENTIALLY CONCEDED A VIOLATION
      OF BOTH 26 U.S.C. § 7340 AND THE TWO PROTECTIVE ORDERS
      ISSUED BY THE DISTRICT COURT IN UTAH........................................................ 3

      A.    The Government Has No Right to Claim that Any Admissions By
            the Government Should Be Ignored Simply Because They Were
            Made During a Meeting Requested by Gerber's Counsel...................................... 4

      B.    The Government Was Not Entitled to Violate the Protective Orders
            Simply Because One of the Persons Obtaining Such Material Was
            Cross-Designated as an Assistant U.S. Attorney.................................................. 4

      C.    The Government Errs In Urging This Court to Disregard the
            Misrepresentation Made In Papers Filed in This Court On the
            Ground that the Summonses Must Be Judged as of the Date When
            They Were Issued ................................................................................................ 5

      D.    Having Established Violations of 26 U.S.C. § 7206 and the
            Protective Orders, Gerber is Entitled to the Return of All
            Documents............................................................................................................ 9

      E.    Discovery is Appropriate...................................................................................... 9

II.   PETITIONER IS ENTITLED TO ATTORNEY'S FEES ............................................. 12

      A.    Any Argument that the Government's Position Was "Substantially
            Justified" Defies Reality..................................................................................... 12

      B.    This Court Has Jurisdiction to Award Attorney's Fees...................................... 13

      C.    Petitioner is a Prevailing Party ......................................................................... 13

      D.    The Government Cannot Take Advantage of 28 U.S.C. § 2412 ........................ 15

**CONCLUSION** .......................................................................................................... 17

**Table of Authorities**

**Page #**

<u>**Cases**</u>

*Austin v. United States,*
297 F.2d 356 (D.C. Cir. 1961) ................................................................................. 10

*\*Buchannon Bd. and Care Home, Inc. v.*
*West Virginia Dept of Health and Human Resources,*
532 U.S. 598 (2001) .......................................................................... 15, 16, 17

*Conner v. United States,*
434 F.3d 676 (4th Cir. 2006) ................................................................... 11

*Donlon I Dev. Corp. v. United States,*
830 F.Supp. 1315 (C.D. Cal. 1993) ................................................... 14, 15

*Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC) Inc.,*
528 U.S. 167 (2000) ............................................................................ 16

*Pacific Fisheries Inc. v. United States,*
484 F.3d 1103 (9th Cir. 2007) .......................................................... 14, 15

*Scarboroughh v. Principi,*
541 U.S. 401 (2004) ............................................................................ 17

*\*Smith v. Katzenbach,*
*supra,* 351 F.2d at 815 ...................................................................... 10

*Sole v. Wyner,*
127 S. Ct. 2188 (U.S. 2007) ............................................................... 15

*\*United States v. Lipshitz,*
132 F.Supp. 519 (E.D.N.Y.) .............................................................. 8,10

*\*United States v. Parrott,*
248 F.Supp. 196 (D.C. D.C. 1965) ..................................................... 7, 8

*United States v. Powell,*
379 U.S. 48, 57-58 (1964) .................................................................. 13

*United States v. Scrushy,*
366 F.Supp.2d 1134 (N.D. Ala. 2005) ................................................. 8

*\*United States v. Stringer,*
408 F.Supp.2d 1083 (D. Ore 2006) ...................................................... 8

*United States v. Stuart,*
489 U.S. 353, 369 (1989) .................................................................... 11

*United States v. Taylor,*
   2007 U.S. Dist. LEXIS 18357 (D. Ariz. 2007)........................................................................ 6

**<u>Statutes</u>**

26 U.S.C. § 7206 ...................................................................................................... 2, 3, 6, 8

26 U.S.C. § 7340 ........................................................................................................... passim

26 U.S.C. § 7430 ................................................................................................................ 15

26 U.S.C. § 7602 .................................................................................................................. 1

26 U.S.C. § 7602(d) .............................................................................................................. 6

26 U.S.C. § 7602(d)(2) .......................................................................................................... 4

28 U.S.C. § 2412 ................................................................................................................ 14

3874106v1

Petitioner Richard Gerber, by counsel, respectfully submits this Reply Memorandum of Points and Authorities in further support of Petitioner's Motion for An Order Requiring the IRS To Return All Materials Obtained Pursuant to Summonses Issued to Paine Webber and Rosenau & Rosenau, And For Attorneys Fees Pursuant to 26 U.S.C. Section 7340.

## PRELIMINARY STATEMENT

In filing a Petition to quash the IRS summons issued to Paine Webber, Petitioner demonstrated that the Government had violated 26 U.S.C. § 7602 and protective orders issued by the Federal Court in the District of Utah. In response, the Government nowhere disputed that such violations had occurred, and instead, withdrew the summons issued to Paine Webber. Petitioner thereafter moved this Court for additional relief. Petitioner sought an order directing the Government to return any materials obtained either from Paine Webber and/or Rosenau & Rosenau, who had earlier been summonsed by the Government, and awarding Petitioner attorneys fees.

The Government has now filed an opposition to the latter motion. The Government has submitted no affidavit or declaration from either the Department of Justice and/or the IRS, disputing that the IRS summonses sought previously to be enforced by this Court were issued to Paine Webber and Rosenau & Rosenau after a criminal referral had occurred, in violation of 26 U.S.C. § 7340, and second, that those IRS summonses were issued based upon documents and information obtained improperly in violation of two protective orders issued by a federal district court in Utah. None of the hypertechnical arguments offered by the Government can avoid the obvious conclusion that this Court plainly has authority to correct a manifest injustice that would occur if the Government were allowed to profit from its wrongdoing.

As shown below, the following facts are now essentially undisputed by the Government:

- Two protective orders were issued by the District Court in Utah, prohibiting any disclosure of confidential information provided by Petitioner in the MSA Action, and further, prohibiting the use of such materials for any use other than the SEC action in the MSA case. See Rosenthal 7/30 Dec., Ex B., at 2.

- The Government violated those orders by providing Gerber's deposition transcript to the Criminal Section of the Tax Division of the Department of Justice, and apparently, to the IRS as well.[1] Id., para. 14-15.

- Shortly after Gerber's deposition in February, 2004, the Government concluded that Gerber was a target of the criminal case based on the information subject to the Protective Orders.[2] Id.

- Subsequently, in violation of 26 U.S.C. § 7206, the IRS issued administrative summonses to Petitioner's counsel, Rosenau & Rosenau, and to Paine Webber.

- The IRS failed to disclose to this Court, in seeking to enforce the summonses, that a criminal referral had occurred, and instead, represented that no such referral had been made. Rosenthal 8/15/ Dec., Ex. B., para. 12.

- On March 30, 2006, the Government made the same representations, namely that the summons was issued for a legitimate purpose and there had been no criminal referral. Rosenthal 7/30 Dec., Ex. F, G.

---

[1] It was initially represented during the first meeting between Gerber's counsel and the Government that both the DOJ Attorney and the IRS Special Agent had read Gerber's deposition covered by the protective orders. See Supp. Memo from Petitioner, at . __. The IRS Special Agent claimed at a second meeting that he had been referring to a different deposition given by Gerber in a divorce action. Id. Not only has the Government refrained from disputing the earlier representation in the first meeting, but the Government has ignored entirely in its Opposition the factual question of whether any confidential information subject to the protective orders was shared with the IRS.

[2] The Government now argues that the attorney who obtained confidential information was cross-designated as an Assistant U.S. Attorney in Utah. The Government does not contend that he was assisting the SEC "in this action," and was therefore entitled to review confidential information, particularly in his capacity as a trial attorney assigned to the Tax Division of the Department of Justice.

Given statements that the Gerber deposition was reviewed prior to the court issuing a protective order, the only conclusion to be drawn is that it was reviewed prior to December, 2004, when the second protective order was issued. After Gerber drew this obvious inference in his earlier submission, the Government has not contended otherwise.

- A third such representation was made on June 1, 2007, when the Government filed its Memorandum in support of the Paine Webber summons.

- Rather than address the apparent violations of 26 U.S.C. § 7206 and the Utah Protective Orders, the Government withdrew the summons to Paine Webber.

- Based solely on the notion that the attorney reviewing the documents was cross-designated as an AUSA in Utah, the Government now claims that its conduct in this case was "substantially justified," including its representations that there had been no criminal referral.

Under such circumstances, there is no plausible argument that the Government did not violate the protective orders, and further, that it misrepresent the status of the criminal investigation when it filed its repeated oppositions to the Petitions to quash, the last of which was filed in June, 2007. Having failed to dispute the above facts, the Government has no right to now claim that it should be allowed to profit from such tactics by keeping documents obtained from Rosenau & Rosenau and defeating a request for attorney's fees.

## ARGUMENT

### I. THE GOVERNMENT HAS ESSENTIALLY CONCEDED A VIOLATION OF BOTH 26 U.S.C. § 7340 AND THE TWO PROTECTIVE ORDERS ISSUED BY THE DISTRICT COURT IN UTAH.

The Government essentially concedes all facts proffered by Petitioner. It nevertheless weakly attempts to dispute that a violation has occurred of either 26 U.S.C. § 7340 or the two protective orders issued by the Federal District Court in Utah. None of these arguments have merit, particularly inasmuch as the Government's opposition is bereft of any affidavit, declaration or other document claiming that Petitioner has misstated the facts.

**A.    The Government Has No Right to Claim that Any Admissions By the Government Should Be Ignored Simply Because They Were Made During a Meeting Requested by Gerber's Counsel.**

The Government makes a number of factual arguments which are completely beside the point. The Government argues, first, that Petitioner has failed to advise the Court that the two meetings (referenced in the Rosenthal Declaration) with the Department of Justice were requested by Petitioner's counsel. See United States' Response at 7 ("Having asked for two meetings with a Justice Department attorney, and gotten what he asked for, Gerber cannot point to those meetings – and to be clear, that is all he points to – as 'evidence' of a supposed' Justice Department referral' under 26 U.S.C. § 7602(d)(2)"). The Government fails to offer any clue as to why it should make a difference who asked for the meeting with the DOJ and IRS. The issue is whether there has been a violation of 26 U.S.C. § 7340 and the protective orders, and it matters not whether the evidence of such violations came to light as a result of a meeting requested by the Government, or alternatively, by Petitioner's counsel.

**B.    The Government Was Not Entitled to Violate the Protective Orders Simply Because One of the Persons Obtaining Such Material Was Cross-Designated as an Assistant U.S. Attorney.**

Next, the Government claims that there can be no violation of the protective orders because the DOJ attorney obtaining documents and transcripts covered by such orders was cross-designated as an Assistant U.S. Attorney in Utah, and the protective orders allowed information to be shared with the United States Attorney for that District. See United States' Response, at 9 ("Both of the protective orders entered by the Utah district court permit disclosure to the United States Attorneys' Office for the District of Utah"). But even assuming the existence of such a cross-designation, that hardly excuses the decision to share the deposition with an IRS Special Agent. As set forth in Petitioner's earlier submission, it was initially represented that "both Agent Matala and Mr. Bailey indicated that they had read Dr. Gerber's

deposition in the MSA case" and that "this was the sole item of evidence given as a basis for believing that Dr. Gerber should be prosecuted." See Supp. Memo of Richard Gerber in Support of Petition to Quash IRS Summons, Or in the Alternative to Request Discovery, at 8. The Government has not chosen to submit an Affidavit or Declaration by the IRS Special Agent denying that he had read the deposition, or that anyone else in the IRS was given access to documents covered by the Protective Orders.[3]

Equally important, <u>all</u> Government personnel, including both attorneys cross-designated to the U.S. Attorney in Utah or IRS Special Agents, were prohibited by the express terms of those Protective Orders from using the deposition and other confidential information for any purpose other than "in this action," referring to the MSA action instituted by the SEC. See, e.g., 7/30 Rosenthal Dec., Ex. B. The Government cannot, and does not even try to, argue that a criminal tax prosecution falls within the ambit of the SEC action referenced in the protective orders.

It is perfectly clear that a violation of the protective orders has occurred.

## C.    The Government Errs In Urging This Court to Disregard the Misrepresentation Made In Papers Filed in This Court On the Ground that the Summonses Must Be Judged as of the Date When They Were Issued.

The Government next argues that Petitioner cannot show a violation of 26 U.S.C. § 7340 because the court must look at the facts existing when the summons was issued, not when it is sought to be enforced. This argument is flawed both factually and legally.

As a factual matter, the Government is ignoring the fact that the Department of Justice concluded that Gerber was a "target" after reviewing the Gerber deposition, and that this

---

[3] We acknowledged previously that the IRS Special Agent contended in the second meeting that he had not been referring to the Gerber deposition in the MSA case, but was referring to a divorce action. The Government has not chosen to dispute the fact, however, "that the "divorce deposition dealt with different subject matter than the Utah deposition, and did not focus on Gerber's involvement with MSA." Supp. Mem. of Richard Gerber in Support of Petition to Quash, at 8, n. 5.

occurred sometime prior to the issuance of the second protective order, which occurred in

December, 2004. See 7/30 Rosenthal Dec., para. 14-15. The only inference to be drawn is that

there *was* a criminal referral as far back as 2004, which was a full two years prior to the issuance

of the summonses in question, in December 2005 and January 2006. Having failed to offer any

affidavit or declaration disputing that a criminal referral occurred years earlier, the Government

has no right to come before this Court and argue that Petitioner has failed to sustain his burden.

Further, the Government is incorrect as to the law governing this issue. While the

Government argues that the summons must be viewed as of the date it was issued, courts actually

hold that "the validity of the summons is determined as of the date the enforcement petition is

filed." *United States v. Natco Petroleum, Inc.*, 1999 U.S. App. LEXIS 1442 (10th Cir. 1999).

See also *United States v. Taylor*, 2007 U.S. Dist. LEXIS 18357 (D. Ariz. 2007) ("validity of the

summons is determined as of the date the enforcement petition is filed"). Here, the Government

filed its "counterclaim" in support of enforcement of the summons to Rosenau & Rosenau on

March 30, 2006. As recently as June 1, 2007, at the direction of this Court, the Government filed

its Memorandum in support of the summons to Paine Webber. Using either date, it is clear that a

referral had already occurred, and that a violation of 26 U.S.C. § 7206 was shown.

More important, as stated above, this is not a case where the Government

represented only that there was no criminal referral *when the summons was issued.* The

Government's argument ignores its own representations to this Court. The Government

represented in each submission that there was no criminal referral pending when its opposition to

each petitions to quash was filed. See See Rosenthal 8/15 Dec., Ex. B. (IRS Special Agent Buck

representing that "[a]s of the date of this Declaration, there is no 'Justice Department referral,'

within the meaning of 26 U.S.C. § 7602(d)"). The Government did so again in June, 2007, when

it clearly and explicitly represented to this Court that "[a]t this time there is no "Justice Department referral. . . ." Govt Memo filed June 1, 2007, at 9. The Government cannot possibly claim that "at this time" or "as of the date of this Declaration" meant December 2005 or January 2006, when the respective summonses were issued.

The Government's misrepresentations to this Court, without more, offer a sufficient basis for the Court exercising authority, and ordering a variety of forms of relief. Courts recognize that they are not required to stand idly by and watch while a taxpayer is misled as to an investigation. Rather, courts have a variety of options available to it when the Government, including the IRS, makes a misrepresentation to a taxpayer as to the status or existence of a criminal investigation. The same must surely be true when misrepresentations are made to a court.

The decision by courts in this District are particularly instructive. In *United States v. Parrott*, 248 F.Supp. 196 (D.C. D.C. 1965), the defendants were the subject of parallel criminal and administrative proceedings by the SEC, but "at no time were informed of the fact that the matter had been referred to the U.S. Attorney's Office for criminal prosecution." *Id.*, at 199. The Court held that the "Government may not bring a parallel civil proceeding and avail itself of civil discovery devices to obtain evidence for subsequent criminal prosecution." *Id.*, at 202. While noting that it would have otherwise granted a hearing to "decide the degree to which the tainted evidence was a basis for the entire criminal prosecution, . . . or to grant appropriate motions to suppress," it found such ruling unnecessary in light of the delay in bringing the indictment, which warranted relief. *Id.*, at 202.

Other jurisdictions are in accord. See *United States v. Stringer*, 408 F.Supp.2d 1083 (D. Ore 2006) ("it is a due process violation if government agents make affirmative

misrepresentations as to the nature or existence of parallel proceedings or otherwise use trickery or deceit"); *United States v. Scrushy*, 366 F.Supp.2d 1134 (N.D. Ala. 2005)(in a case involving claims that government agents failed to disclose the existence of criminal investigation, the court confirmed its authority to ensure that Government agents are not engaging in conduct that would "depart from the proper administration of criminal justice"); *United States v. Lipshitz*, 132 F.Supp. 519 (E.D.N.Y.) (granting motion to suppress based on misrepresentations and misconduct during IRS investigation)..

The court in *Stringer, supra*, might well have been talking about the Government's tactic here of representing to this Court that there was no criminal referral in effect as of the date of each filing, thereby obtaining production of documents from Gerber's counsel, when in fact Gerber had long been designated as a target:

> A government agency may not develop a criminal investigation under the auspices of a civil investigation. . . . It would be a 'flagrant disregard of individuals' rights' to 'deliberately deceive, or even lull' someone into incriminating themselves in the civil context when 'activities of an obvious criminal nature are under investigation.' . . . Here, the defendants were identified as subjects of a criminal investigation. The government's tactic to move forward under the guise of a civil investigation, violated defendants' due process rights.

408 F.Supp.2d at 1089 (citations omitted).

The Government cannot possibly claim that this Court has no authority to act when those misrepresentations are not made to the taxpayer, but made directly to the Court in an action to enforce the IRS summonses.[4]

---

[4] Equally meritless is the notion that Petitioner should petition the Court in Utah if it believes that there has been a violation of the protective order. Having filed its "counterclaim" for enforcement of the IRS summons in this court, the Government cannot now engage in rank forum shopping. First, the parties now pressing the IRS summons are not even parties in the Utah action, and the Government would surely contend that the court in Utah does not even have jurisdiction over the IRS. Second, the Court in Utah was not presented, as was this Court, with a clear violation of 26 U.S.C. § 7206. Third, any abuse of the protective orders occurred in this District wherein the

3874106v1

**D.   Having Established Violations of 26 U.S.C. § 7206 and the Protective Orders, Gerber is Entitled to the Return of All Documents.**

Petitioner previously requested modest relief: that the Government be ordered to return all documents obtained in violation of 26 U.S.C. § 7206 and the Protective Orders, and also, that the Court allow discovery to determine the extent of any violations so that any further and appropriate relief may be ordered. The Government fails to offer any serious challenge to such relief.

As to the Paine Webber summons, the Government's only response is to claim that no documents have been surrendered to the Government based on the Paine Webber summons, which has now been withdrawn. Having offered such representation, the Government surely should have no objection to an order requiring that it return to Petitioner what the Government claims was never obtained. This would clearly avoid any claim later on that documents *or* information inadvertently obtained from Paine Webber can be used by the IRS.

As to the Rosenau & Rosenau summons, the Government contends that any relief should be denied because Petitioner has failed to show clear and convincing evidence of fraud. United States' Response, at 10. Of course, Petitioner is entitled to relief under Rule 60(b) as long as it can show either "newly discovered evidence," under subsection (2), or "fraud," under subsection (3). Given the Government's inability to refute any of the facts set forth in Petitioner's motion, Petitioner has more than sustained his burden.

**E.   Discovery is Appropriate.**

Case law is abundantly clear that the Court has ample authority to impose a broad range of sanctions and./or remedial orders based on the violations already shown to be exist here.

---

Government sought to take advantage of the improperly obtained material, and misrepresented the true nature of the IRS proceedings. Given the fact that the summons to both Paine Webber and Rosenau & Rosenau were enforced in this District, at the Government's request, it can hardly change venues at this late juncture.

3874106v1

In addition to the remedies outlined in our earlier Memorandum, a court may order suppression of evidence, see *United States v. Lipshitz*, supra, 132 F.Supp. at 524; or even "institute proceedings to restrain the use of the evidence against him, and to do so in anticipation of the indictment, by restraining presentation to the grand jury, without being subject to the objection of prematurity." *Smith v. Katzenbach*, supra, 351 F.2d at 815, following *Austin v. United States*, 297 F.2d 356 (D.C. Cir. 1961).. See also *Parrott v. United States*, supra.

The Government makes no serious challenge to the ability of a court to grant discovery. Its principle argument here is that a summons proceeding is intended to be a summary proceeding. See United States Response, at 17. But the very case cited by it holds that discovery should be limited. . ." *United States v. Stuart*, 489 U.S. 353, 369 (1989). That case nowhere stands for the proposition that *no discovery* can be ordered. In fact, another case cited by the Government actually holds that "[t]he scope of discovery and availability of a hearings on a motion to quash a summons is left to the sound discretion of the district court." *Mazurek v. United States*, 271 F.3d 226, 234 (5th Cir. 2001). It should also be pointed out also that the enforcement proceeding terminated when the IRS withdrew its summons. The issue now before the Court is whether a violation of Gerber's rights, or a misrepresentation to this Court, has occurred. No case is cited by the Government holding that a court lacks authority to order discovery into such violations, or even that there are any limitations whatsoever on the ability of a court to order discovery to ferret out such violations.

Nor is the Government correct in claiming -- despite its speedy withdrawal of the summons to Paine Webber and its complete refusal to refute any of the facts set forth in the two declarations filed in support of Petitioner's applications -- that Petitioner has made no

-10-

"preliminary demonstration of abuse of process . . . ." *United States Response at 18, quoting from Conner v. United States*, 434 F.3d 676, 682 (4th Cir. 2006).

We disagree. A substantial showing of abuse of process has been shown. The undisputed facts show that:

- An attorney assigned to prosecute criminal cases for the Tax Division of the Department of Justice admitted having reviewed a deposition which could only be shared with the SEC and the U.S. Attorney for use in "this action," referring to the SEC action against MSA.

- The IRS Special Agent assigned to the tax case against Petitioner initially admitted having reviewed the MSA deposition, but then asserted that he was referring to a deposition in the divorce action; no attempt has been made by the Government to clarify his comments.

- The Government concluded from its review in 2004 of Gerber's deposition in the MSA case that he was a target of the criminal probe.

- Following that review of material covered by the Protective Order and concluded that Gerber should be regarded as a target of a criminal probe, the Government represented to this Court in March, 2006, that as of that date, there had been no referral for a criminal investigation and/or prosecution. Buck Dec., dated 3/17/06 para. 11,

- The Court represented again on March 30, 2006, in connection with the summons to Rosenau & Rosenau, that "as of the date of this declaration" there was still no criminal referral.

- A third representation was made in June, 2007, when the Government represented for a third time that "as of that date," still no criminal referral had been made.

- The Government now seeks to justify such conduct by claiming that the summons must be evaluated as of the time when it was issued, not when the above statements were made to this Court, *under oath and in repeated filings*.

Under any standard, the above should suffice to make a preliminary showing of bad faith and abuse of process.

3874106v1

## II.     PETITIONER IS ENTITLED TO ATTORNEY'S FEES.

Petitioner previously sought an award of attorney's fees under 26 U.S.C. § 7340. We deal below with each of the Government's objections to such relief.

### A.     Any Argument that the Government's Position Was "Substantially Justified" Defies Reality.

The Government has the temerity to argue that a request for fees should be rejected because the Government's position was "substantially justified." The Government attempts to shore up this argument by pointing out that it does not have a "high burden" in satisfying this exemption from attorney's fees. United States' Response, at 15. Whatever burden is imposed under the statute, it cannot possibly be as low as the Government would make it.

When it comes to explaining why its position was "substantially justified," the Government points to the very Memoranda and Declarations containing the misrepresentations in question, and now claims that these filings show that the "United States demonstrated that the four factors under United States v. Powell, 379 U.S. 48, 57-58 (1964), were satisfied." United States Response, at 15. But this is the same "evidence" which the Government sought to promptly withdraw from scrutiny once Petitioner filed his Supplemental Memorandum, showing that the representations contained in those very same filings were false!

It is all the more problematic for the Government to make this claim that it was "substantially justified" in enforcing the summonses, including the one that was withdrawn, without offering a shred of evidence to dispute that the Government misrepresented key facts to this Court not once, but repeatedly. It is patently meritless for the Government to point this Court to the "voluntary compliance" by Rosenau & Rosenau with the IRS summons directed to

3874106v1

that firm, see United States Response, at 16, without ever dealing with the fact that Rosenau & Rosenau only produced documents to the IRS after the Government filed a sworn declaration by an IRS Special Agent, setting forth facts that are simply belied by the evidence. To claim that it was "substantially justified" in seeking to enforce the Rosenau & Rosenau summons because of such compliance is analogous to the Government claiming that it was justified in coercing a confession because the person admitted to the crime.

### B.    This Court Has Jurisdiction to Award Attorney's Fees.

The Government's primary argument is that any demand for fees must be made within thirty days of final judgment. The Government claims that such period expired as to the Rosenau & Rosenau summons within 30 days after February 12, 2007. United States' Response, at 12. This argument ignores the fact that Petitioner has demonstrated his entitlement to relief under Rule 60(b)(2) and (3). Under such circumstances, Petitioner has a right to seek attorneys fees within thirty days after the Court grants Petitioner's motion. Further, the Court has not even issued an order as to the Paine Webber summons, rendering it impossible for any application relating to that summons to be untimely.

Petitioner's request as to both summonses are therefore timely.

### C.    Petitioner is a Prevailing Party.

Next, the Government next argues that because it voluntarily withdrew the Paine Webber summons, it was the prevailing party, or at least, Petitioner was deprived of the ability to claim that he prevailed in the suit. Cases cited by Petitioner demonstrate that where, as here, the Government withdrew a summons because of the motion to quash, the taxpayer must be considered the "prevailing party." See *Pacific Fisheries Inc. v. United States*, 484 F.3d 1103, 1107 (9th Cir. 2007), citing and following *Donlon I Dev. Corp. v. United States*, 830 F.Supp. 1315, 1317 n.1. (C.D. Cal. 1993) (when the IRS withdrew a summons before moving to dismiss

a petition to quash, the government conceded that the petitioner prevailed with respect to the most significant issue").

In *Buchannon Bd. and Care Home, Inc. v. West Virginia Dept of Health and Human Resources*, 532 U.S. 598 (2001), the Court held under different statutory schemes that a party may not be the "prevailing party" simply because its lawsuit was the catalyst for bringing about change sought by the plaintiff.[5]  The Court later explained that its holding in *Buchannon* would allow an award of fees also where "a party . . . has secured a judgment on the merits or a court-ordered consent decree. . . . permanently giving plaintiff the real-world outcome it sought. *Sole v. Wyner*, 127 S. Ct. 2188, 2195 (U.S. 2007).

The Court in *Buchannon* was careful to avoid the sort of holding now sought by the Government here.  Rather, the Court never suggested that the Government could defeat a claim for attorney's fees simply by withdrawing a summons issued in bad faith.  While denying a request for attorneys' fees, the Court in *Buchanno*n made clear that a court is not obligated to declare a case moot simply because a party conceded by withdrawing its objectionable conduct. The Court held:

> [I]t is not clear how often courts will find a case mooted: 'It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice' unless it is 'absolutely clear that he allegedly wrongful behavior could not reasonably be expected to recur.'"

532 U.S. at 609, quoting from *Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC) Inc.*, 528 U.S. 167, 189 (2000).

---

[5] *Buchannon* deal with a request for fees under the Fair Housing laws and Americans With Disabilities Act.  The only cases dealing specifically with 26 U.S.C. § 7340 find that a party is the prevailing party if it obtains withdrawal of an IRS summons.  See *Pacific Fisheries*; supra, *Donlon I Dev. Corp*, supra.

The Court's admonition in *Buchannon* – *that a case may not be mooted by a party's voluntary action* -- is particularly appropriate here. The Government's latest filing makes perfectly clear that the Government has no reluctance to continue relying on Memoranda and sworn Declarations shown to contain erroneous statements of fact, and then will attempt to avoid an adverse judicial decision by withdrawing its summons at the last minute. See United States Response at 15, n. 8 and accompanying text (relying on the withdrawn Memoranda and Declarations as showing that the Government met the requirements for issuance of a summons).

Here, the Court *should* follow the admonition in *Buchannon*, and find that the Government failed to sustain its burden of showing that the summonses were issued in good faith, and further order the return of all documents obtained in response to those summonses.

Finally, even if this Court were not to follow *Buchannon's* suggestion that a court refrain from too quickly declaring a case moot, it need not reach the result claimed by the Government. To the extent that *Buchannon* denied attorneys fees, it is distinguishable on other grounds. Here, Petitioner is seeking judicial relief in the form of an order directing the Government to return any materials obtained from Paine Webber, and to return also any materials obtained from Rosenau & Rosenau. Such relief is more than ample to establish "judicial relief," and shows that Petitioner is the prevailing party even under the test articulated in *Buchannon*, <u>supra</u>.

## D.    The Government Cannot Take Advantage of 28 U.S.C. § 2412.

The Government's last argument is that because Gerber cannot meet the net worth requirements, and second, has not submitted a bill of costs, detailing attorneys fees, his claim should be rejected. As to the latter claim, Petitioner clearly is willing to submit a statement of attorneys fees expended in connection with the summons enforcement actions if the Court so directs.

3874106v1

As to the Government's claim that Petitioner was entitled to an award of attorneys fees only if his net worth was less than $2 million, the Government misreads the statute. The Government's argument is premised on 28 U.S.C. § 2412, which expressly states:

> (e)     The provisions of this section shall not apply to any costs, fees, and other expenses in connection with any proceeding to which Section 7430 of the Internal Revenue Code of 1954 applies . . . ."

The lone case cited by the Government, *Scarboroughh v. Principi*, 541 U.S. 401, 408 (2004), does not deal with 26 U.S.C. § 7430, as does the instant application. Here, an award of attorneys fees is justified.

3874106v1

## CONCLUSION

The Court should Order the Government to return all documents obtained from Paine Webber and/or Rosenau & Rosenau, and order discovery to determine the extent of the violations of 26 U.S.C. §7206 and the Protective Orders. The Court should also award attorneys fees to Petitioner.

Washington, D.C.
August 27, 2007

Curtis, Mallet-Prevost, Colt & Mosle, LLP
1200 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 452-7340
srosenthal@cm-p.com

By _____
Samuel Rosenthal (DC Bar No. 329516)

Rosenau & Rosenau
Kenneth Rosenau
1304 Rhode Island Ave., N.W.
Washington, D.C. 20009
(202) 387-8680
Kenneth.Rosenau@rosenaulaw.com

Counsel for Petitioner Richard Gerber

3874106v1