IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD GERBER,                    )
                                   )
          Petitioner,              )
                                   )
     v.                            )     Case No. 1:06-mc-00032-RMU
                                   )
UNITED STATES OF AMERICA,          )     Hon. Ricardo M. Urbina
                                   )
          Respondent.              )
_____

**SUPPLEMENTAL MEMORANDUM OF RICHARD GERBER IN SUPPORT OF MOTION TO QUASH IRS SUMMONS.**

Petitioner Richard Gerber, by counsel, respectfully requests permission to submit this supplemental memorandum in further support of the motion for discovery relating to certain IRS summonses previously served upon various financial institutions believed to have records pertaining to Dr. Gerber's tax returns. Following the filing of the earlier Memoranda by both Gerber and the Government, important new developments have occurred bearing on the matters presently pending before the Court.

As this Court is aware, IRS summonses were issued to Paine Webber on or about February 3, 2006, as well as a number of other financial entities and counsel believed to have documents pertaining to Dr. Gerber's tax liability. After Dr. Gerber moved to quash the summonses, and demonstrated that they had been issued in violation of both 26 U.S.C. §7602 and Protective Orders issued in the MSA case pending in the District of Utah, SEC v. MSA et al., docket number 2:02-CV-0039-C, see Dkt Entry No. 12, filed July 31, 2007, the Government immediately withdrew the summonses and moved this Court to treat the matter as moot. Dkt

Court to treat the matter as moot. Dkt Entry No. 17, filed 8/22/07. Still before the Court is Greber's motion for attorneys fees and discovery.

We now write to alert the Court to developments in the MSA case bearing on the Government's conduct in this case. Shortly after filing its motion in this Court to treat the summonses as moot, the Government filed a petition to intervene in the MSA case, and to have the Court in Utah retroactively modify the Protective Orders so as to allow the SEC to share information with the Department of Justice, and the I.R.S., contrary to the express prohibition contained in the Orders. issued by the Utah Court. In support of that motion, the Government relied on the Declaration of Brian Bailey, a Tax Division Attorney who acknowledged for the first time that documents covered by the Protective Orders had in fact been disseminated to the I.R.S. Mr. Bailey still refused to say whether a grand jury investigation had been convened, contrary to the representations made to this Court in originally opposing the motions to quash the summonses. Gerber cross-moved for discovery to determine how documents had been disseminated to other agencies of the Government, in violation of the Court's Protective Orders in the MSA case.

On November 5, 2007, the Court in Utah (Magistrate Judge Nuffer) issued an opinion allowing the Government to intervene in the MSA case, but denying at this time the request for modification of the Protective Orders . A copy of that ruling is annexed as Exhibit A. In granting Gerber's motion for discovery, the Court found that it was

> troubled by the lack of information about the precise manner in which materials apparently subject to protective orders in this case have come into the possession of the proposed intervenor. Id., at 3.

The Court specifically pointed to statements offered by the Government as purportedly explaining its conduct. Id.

Pursuant to that ruling, Gerber served discovery requests on the Government. After the Government then filed objections to that ruling, the court nevertheless ordered the Government to file any objections to Gerber's discovery by December 18, 2007.

In the Government's objections to Gerber's court ordered discovery requests, the Government now took the surprising position that discovery was barred, among other grounds, by Fed.R.Cr.P.6(e) and 26 U.S.C. §6103. A copy of those objections are annexed to this Memorandum as Exhibit B. The Government offered these objections notwithstanding claims under penalty of perjury to this Court that no request had been made for a grand jury investigation of Gerber. See Rosenthal Dec., filed 7/30/07, Dkt Entry No. 12, Ex. G., para. 11 (stating under penalty of perjury that the "IRS has not made a recommendation to the U.S. Department of Justice for a grand jury investigation or criminal prosecution of Dr. Gerber. . . ." and that DOJ has not made "any request under 26 U.S.C. §6103(h)(3)(B) for the disclosure of any return . . information'). In short, the Government has now objected to discovery by relying on rules embodied in Rule 6(e) protecting the secrecy of grand jury proceedings, when the Government has told this Court that there has been no request for such proceedings to commence. It also relies on 26 U.S.C. §6103, protecting the confidentiality of return information obtained by DOJ, in spite of representation made to this Court that no such request by DOJ for such information had been made previously.

While the Government's previous assertions were deemed "troubling" by the Court in the MSA case, the latest objections and statements made by the Government make clear that the Government's conduct and statements are "troubling" not only in ascertaining whether the Government has been candid with the Court in the MSA case, but also with this Court, when

it claimed – under penalty of perjury – that there had been no criminal referral and no request for a grand jury investigation.

We continue to believe that relief previously requested, including discovery, is appropriate.

## CONCLUSION

The Court should grant the Petition to take discovery from the Government to determine the extent of any violations of 26 U.S.C. §7602 and the Protective Orders entered in the MSA case, as well as the appropriate remedy for such violations.

Washington, D.C.
December 21, 2007

Curtis, Mallet-Prevost, Colt & Mosle, LLP
1200 New Hampshire Ave., N.W.
Washington, D.C.  20036
(202) 452-7340
srosenthal@curtis.com

By _____
Samuel Rosenthal (DC Bar No. 329516)

Rosenau & Rosenau
Kenneth Rosenau
1304 Rhode Island Ave., N.W.
Washington, D.C.  20009
(202) 387-8680
Kenneth.Rosenau@rosenaulaw.com

Counsel for Petitioner Richard Gerber

3793733v1

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MERRILL SCOTT & ASSOCIATES, LTD., MERRILL SCOTT & ASSOCIATES, INC., PHOENIX OVERSEAS ADVISERS, LTD., GIBRALTAR PERMANENTE ASSURANCE, LTD., PATRICK M. BRODY, DAVID E. ROSS, II and MICHAEL G. LICOPANTIS,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO INTERVENE AND PERMITING DISCOVERY**<br><br>Case No: 2:02-CV-39 TC<br><br>District Judge Tena Campbell<br><br><br>Magistrate Judge David Nuffer |

The United States of America has moved to intervene[1] in this action to clarify or modify protective orders[2] to permit, retroactively, the dissemination of information apparently in violation of those orders. The court ordered[3] that briefing address the substantive issues raised in the motion as well as the concept of intervention. Briefing is now complete.

---

[1] United States Motion to Intervene for Clarification or Modification of Rule 26(c) Protective Orders, docket no. 1043, filed September 10, 2007.

[2] Docket no. 228, filed February 3, 2004; docket no. 387, filed December 8, 2004; docket no. 408, filed January 11, 2005. *See also* docket no. 397, filed December 21, 2004.

[3] Docket no. 1046, filed September 24, 2007.

The information at issue was obtained from Dr. Richard Gerber, not a party to this case, who was allegedly a victim of the Ponzi scheme at issue in this case.[4] Dr. Gerber produced documents and was deposed for two days.[5] It appears the transcript of his deposition and related documents were made available to agents for the Internal Revenue Service, to which Dr. Gerber takes exception. The protective orders all provide that "Confidential Information shall not be used . . . in any other legal proceedings not related to this Action. All persons . . . are hereby prohibited and enjoined from disclosing or using it except as specifically provided herein."[6] The United States of America claims, notwithstanding this specific language, that language in other paragraphs of the protective orders permits "the United States Attorney's Office for the District of Utah"[7] to use information for any purpose it desires. But if Gerber's interpretation is correct the United States of America wants the protective orders "clarified" or "modified."[8] Thus, this present dispute is really between Dr. Gerber and the United States of America, neither of whom are named parties. Dr. Gerber is before the court as an intended beneficiary of a specific protective order.[9] But the United States of America is not, and should be permitted to intervene for the limited purpose of resolving the issues raised in its motion and in Dr. Gerber's motion.

---

[4] Memorandum in Opposition to Motion to Intervene for Clarification or Modification of Rule 26(c) Protective Orders and in Support of Cross-Motion for Return of Documents (Opposition Memorandum) at 3, docket no. 1075, filed October 10, 2007.

[5] Id. at 4.

[6] Protective Order at 3 ¶2, docket no. 228, filed February 3, 2004.

[7] Id. at 4 ¶3(f).

[8] Memorandum in Support of United States' Motion to Intervene for Clarification or Modification of Rule 26(c) Protective Orders at 10-11, docket no. 1044, filed September 10, 2007.

[9] Protective Order, docket no. 228.

Dr. Richard Gerber also asks the court for return of all the documents which have been disseminated in violation of the protective orders and suggests discovery is appropriate to determine "the extent of any violation" and to make "a more complete record with which to ascertain the appropriate remedy . . . ."[10]  The court is troubled by the lack of information about the precise manner in which materials apparently subject to protective orders in this case have come into the possession of the proposed intervenor.  Brian D. Bailey, a Special Assistant United States Attorney for the District of Utah states that he did not have "the impression that the United States Attorney's Office for the District of Utah was so restrictively bound in the uses it could make of the information," and states he "did not personally disclose the documents" but gave IRS agents "permission to review such documents . . . ."[11]  Discovery is appropriate.

The court is not, at this time, granting any clarification or modification of the protective orders and is not granting Dr. Gerber's motion for return of documents.

## ORDER

IT IS HEREBY ORDERED that the motion of the United States of America to intervene[12] for purposes of seeking clarification or modification of the protective orders is GRANTED.

---

[10] Opposition Memorandum at 28.

[11] Declaration [of Brian D. Bailey]  Support of United States' Motion to Intervene for Clarification or Modification of Rule 26(c) Protective Orders at 2, docket no. 1045, filed September 10, 2007.

[12] Docket no. 1043, filed September 10, 2007.

IT IS FURTHER ORDERED that Dr. Gerber is permitted to take discovery to determine the extent of any violation of the Protective Orders. Such discovery shall not, without further leave of the court, consist of more than 10 interrogatories; 10 requests for production; and 3 depositions and shall be concluded on or before January 25, 2008. Any responses to discovery shall be due to 20 calendar days from the date of service.

November 5, 2007.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

4

# EXHIBIT
# B

BRETT L. TOLMAN, United States Attorney (#8821)
STEPHEN J. SORENSON, Assistant United States Attorney (#3049)
SCOTT J. THORLEY, Assistant United States Attorney (#3248)
BRIAN D. BAILEY, Special Assistant United States Attorney (#0173)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682; (202) 514-8031

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | | |
| | : | CASE NO. 2:02-CV-0039-TC |
| Plaintiff, | | |
| | : | UNITED STATES' OBJECTIONS TO |
| vs. | | RESPONDENT'S DISCOVERY |
| | : | REQUESTS |
| MERRILL SCOTT & ASSOCIATES, LTD., et al., | | |
| | : | Judge Tena Campbell |
| | | Magistrate Judge David Nuffer |
| Defendants. | : | |

---

Pursuant to the Magistrate Judge Nuffer's order of December 6, 2007 (Dkt Entry 1142),

the Government submits the following objections to Respondent's pending requests for

discovery. A rendition of each request precedes the applicable objections:

Interrogatories

> *1. Describe in detail the precise manner in which the Confidential*
> *Information was disclosed to DOJ, the U.S. Attorney's Office, the*
> *FBI and/or IRS, including but not limited to what was disclosed,*
> *the date of each such disclosure, the identity of each*
> *Communication concerning disclosures, the identity of each*
> *Person making, authorizing or aware of such disclosures, and the*

*identity of each recipient of such information (irrespective of whether they took any action with respect to such material).*

OBJECTIONS: The interrogatory 1) embraces multiple requests in one, 2) calls for disclosure of information protected by the criminal-investigative privilege, 3) calls for disclosure of information protected by the deliberative-process privilege, 4) may involve disclosures of information protected by Fed. R. Crim. P. 6(e)(2), and 5) may involve disclosures of information protected by 26 U.S.C. § 6103.

*2. Identify all communications between or among DOJ, the U.S. Attorney's Office, the Receiver, and any Agency, including but not limited to the FBI, SEC and/or IRS, concerning Gerber, his deposition, Confidential Information or the Protective Orders.*

OBJECTIONS: The interrogatory 1) embraces multiple requests in one, 2) calls for disclosure of information protected by the criminal-investigative privilege, 3) calls for disclosure of information protected by the deliberative-process privilege, 4) calls for information protected by the work-product privilege, and 5) calls for irrelevant information insofar as it seeks information beyond the circumstances of the disclosures of Gerber's documents and the participants' knowledge of the Court's protective orders at the times of those disclosures.

*3. Identify all uses made of the Confidential Information, including reviews, analyses, opinions, conclusions, recommendations, or requests for any decision, action or investigation.*

OBJECTIONS: The interrogatory 1) embraces multiple requests in one, 2) calls for disclosure of information protected by the criminal-investigative privilege, 3) calls for disclosure of information protected by the deliberative-process privilege, 4) calls for information protected by

2377336.12939864.11

the work-product privilege, 5) calls for irrelevant information insofar as it seeks information

beyond the circumstances of the disclosures of Gerber's documents and the participants'

knowledge of the Court's protective orders at the times of those disclosures, 6) may involve

disclosures of information protected by Fed. R. Crim. P. 6(e)(2), and 7) may involve disclosures

of information protected by 26 U.S.C. § 6103.

> *4. Describe in detail the precautions taken to ensure compliance with the Protective Orders, including but not limited to any efforts to ensure that access to such information or material was limited to those Agencies or Persons entitled pursuant to the Orders to have access to such material and for uses described in such Orders.*

OBJECTIONS: The interrogatory 1) embraces multiple requests in one, 2) calls for disclosure of

information protected by the criminal-investigative privilege, 3) calls for disclosure of

information protected by the deliberative-process privilege, 4) calls for information protected by

the work-product privilege, and 5) calls for irrelevant information insofar as it seeks information

beyond the circumstances of the disclosures of Gerber's documents and the participants'

knowledge of the Court's protective orders at the times of those disclosures.

> Document Requests

> *1. Produce all documents identified in answers to interrogatories.*

OBJECTIONS: The request 1) embraces multiple requests in one, 2) calls for disclosure of

documents protected by the criminal-investigative privilege, 3) calls for disclosure of documents

protected by the deliberative-process privilege, 4) calls for documents protected by the work-

product privilege, 5) calls for irrelevant information insofar as it seeks documentation beyond the

2377336.12939864.11

circumstances of the disclosures of Gerber's documents and the participants' knowledge of the

Court's protective orders at the times of those disclosures, 6) may involve disclosures of

documents protected by Fed. R. Crim. P. 6(e)(2), and 7) may involve disclosures of documents

protected by 26 U.S.C. § 6103.

> *2. Produce all documents concerning any communications*
> *between or among DOJ, the U.S. Attorney's Office, the Receiver,*
> *and/or any Agency, including but not limited to the FBI, SEC*
> *and/or IRS, concerning Gerber, his deposition, Confidential*
> *Information and/or the Protective Orders.*

OBJECTIONS:  The request 1) embraces multiple requests in one, 2) calls for disclosure of

documents protected by the criminal-investigative privilege, 3) calls for disclosure of documents

protected by the deliberative-process privilege, 4) calls for documents protected by the work-

product privilege, 5) calls for irrelevant information insofar as it seeks documentation beyond the

circumstances of the disclosures of Gerber's documents and the participants' knowledge of the

Court's protective orders at the times of those disclosures, 6) may involve disclosures of

documents protected by Fed. R. Crim. P. 6(e)(2), and 7) may involve disclosures of documents

protected by 26 U.S.C. § 6103.

> *3. Produce all documents concerning any intended or actual use*
> *made of the Confidential Information and/or the Protective*
> *Orders.*

OBJECTIONS:  The request 1) embraces multiple requests in one, 2) calls for disclosure of

documents protected by the criminal-investigative privilege, 3) calls for disclosure of documents

protected by the deliberative-process privilege, 4) calls for documents protected by the work-

product privilege, 5) calls for irrelevant information insofar as it seeks documentation beyond the

2377336.12939864.11

circumstances of the disclosures of Gerber's documents and the participants' knowledge of the

Court's protective orders at the times of those disclosures, 6) may involve disclosures of

documents protected by Fed. R. Crim. P. 6(e)(2), and 7) may involve disclosures of documents

protected by 26 U.S.C. § 6103.

> *4. Produce all documents concerning any communications between or among DOJ, the U.S. Attorney's Office and/or any Agency, including the SEC, FBI and/or IRS, concerning any investigation of Gerber for any criminal conduct, including any violation(s) of either Titles 18 or 26 of the United States Code.*

OBJECTIONS: The request 1) embraces multiple requests in one, 2) calls for disclosure of

documents protected by the criminal-investigative privilege, 3) calls for disclosure of documents

protected by the deliberative-process privilege, 4) calls for documents protected by the work-

product privilege, 5) calls for irrelevant information insofar as it seeks documentation beyond the

circumstances of the disclosures of Gerber's documents and the participants' knowledge of the

Court's protective orders at the times of those disclosures, 6) may involve disclosures of

documents protected by Fed. R. Crim. P. 6(e)(2), and 7) may involve disclosures of documents

protected by 26 U.S.C. § 6103.

Pending review of specific documents by appropriate officials who can formally assert

the privileges listed above, the Government generally raises the privileges as objections at this

time. Should discovery become necessary following the hearing scheduled for January 17, 2007,

a privilege log will be provided on January 22, 2007.

2377336.12939864.11

DATED: December 18, 2007.

Respectfully submitted,

BRETT L. TOLMAN
United States Attorney


/s/ Stephen J. Sorenson
STEPHEN J. SORENSON
Assistant United States Attorney


/s/ Scott J. Thorley
SCOTT J. THORLEY
Assistant United States Attorney


/s/ Brian D. Bailey
Brian D. Bailey
Special Assistant United States Attorney

2377336.12939864.11

<u>CERTIFICATE OF SERVICE</u>

I, Linda Senior, an employee of the United States Attorney's office for the District of

Utah, hereby certify that a true and correct copy of the foregoing United States' Objections was

served upon the individuals listed below on this 18th day of December 2007 with sufficient

postage to insure delivery at the address listed:

**Thomas M. Melton**
**Karen Martinez**
U.S. Securities and Exchange Commission
15 West South Temple, Suite 1800
Salt Lake City, Utah 84101
Attorneys for SEC

**Brent E. Johnson**
**Reha K. Deal**
Holland & Hart, LLP
60 E. South Temple, Suite 2000
Salt Lake City, Utah 84111-1031
Attorneys for Receiver

**Reid W. Lambert**
Woodbury & Kesler, P.C.
265 East 100 South, Suite 300
Salt Lake City, Utah 84111
**P. Corper James, II**
Mabey Wright & James
175 S Main #1330
Salt Lake City, Utah 84111
Attorneys for:

**Mary C. Gordon**
Manning Curtis Bradshaw & Bednar LLC
Third Floor Newhouse Building
10 Exchange Place
Salt Lake City, Utah 84111
Attorney for   Charles Cozean
               Todd Taskey

| | |
|---|---|
| Richard Gerber | Duane Asp |
| Ralf Leszinski | Alan Cohoon |
| Douglas MacKinnon | Larry Cotton |
| Larry Mahisekar | Douglas Drexler |
| Christopher Harrison | Robert Herbolich |
| Eric Kooba | Hector LeMarque |
| Stephen Serlin | Jay Sharp Sr. |
| Lou White | Michael Williams |

/s/ Linda Senior
185 South State Street, Suite 300
Salt Lake City, Utah 84111
(801) 524-5682

-7-

## CERTIFICATE OF SERVICE

I hereby certify that the following Supplemental Memorandum of Richard Gerber in Support of Motion to Quash IRS Summons was served electronically through ECF on counsel for the United States as follows:

Richard G. Jacobus
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C. 20044

_____
Samuel Rosenthal

Dated:  December 21, 2007